**In re READING HOTEL CORPORATION.**

No. 18156.

District Court, E. D. Pennsylvania.
April 9, 1935.

Harry Felix, of Philadelphia, Pa., for the exceptions.

Mercer B. Tate, Jr. (of Montgomery & McCracken), of Philadelphia, Pa., opposed.

KIRKPATRICK, District Judge.

This petition under section 77B of the Bankruptcy Act (11 USCA § 207) was referred to a special master for the purpose, among others, of reporting upon the solvency or insolvency of the debtor. The special master has filed his report in which he has found that the debtor is "definitely and hopelessly" insolvent and exceptions have been taken to this finding.

If we accept the definition of insolvency given in section 1 (15) of the Bankruptcy Act (11 USCA § 1 (15), there can be no possible doubt that the master's finding is correct. It was not remotely suggested, even by the witness called by this exceptant, that the aggregate of the debtor's property at a fair valuation as of the present time would be sufficient in amount to pay its debts.

 The exceptant's criticism of the manner in which the special master arrived at a fair valuation is not well founded. I do not understand that the master's figure was arrived at merely by taking separate items such as ground, buildings, furniture, and fixtures and adding them together. The master did consider and discuss each of these items separately and this was entirely proper, but the final figure found by the master as the fair value was his judgment of the value of the property as an entirety "on the basis of a going, operating hotel which has been well publicized and is now in the course of its regular business." This is certainly all, if not more than, the stockholders are entitled to ask for.

The more strongly urged exceptions raise the question that the master declined to add to the fair value thus found a potential value which is really based upon a guess (perhaps not altogether unjustified) that the hotel, by reason of a past history of wide advertisement, good management, and excellent reputation, will, when times improve, make money for its then owners. In effect, the exceptant is proposing a new definition of insolvency for that term as it is used in section 77B. There is nothing in that amendment, however, which shows any intention to modify the definition of the original act. Under any rule of statutory interpretation this would be a sufficient answer.

The exceptant, however, argues that the relief of embarrassed debtors was the primary purpose of the amendment and that, unless some such ground as he proposes for the recognition of stockholders' interests is found, a reorganization under section 77B in the case of an insolvent corporation with mortgage indebtedness can amount to nothing more than a foreclosure with a possible readjustment of interests among various classes of creditors.

It is not necessary at this point in the proceeding to pass upon the very important question which is here raised. The stockholders still have an opportunity to be heard upon it. The insolvency of the debtor corporation eliminates the necessity for acceptance by a majority of the stockholders as a prerequisite to the confirmation of the plan. Section 77B (e) (1) of the act, 11 USCA § 207 (e) (1). It also eliminates the necessity of making provision for dissenting stockholders in the plan. Section 77B (b) (4) of the act, 11 USCA § 207 (b) (4). But when subsection (b) (4) speaks of providing for stockholders, the provision it refers to is "adequate protection for the realization by them of the value of their equity." Obviously, if there is no equity, there is nothing which can be "realized," and the stockholders are not entitled to any of the alternatives such as sale of the property or cash payments, which they would have if their holdings had a present cash value.

On the other hand, stockholders may always be heard upon the question of the proposed confirmation of any reorganization plan and may raise the question of its fairness. Although, if the corporation is insolvent, a stockholder should not ordinarily participate in the assets of the reorganized company without a new contribution, it may be that considerations of fairness would require stockholders to be given preferential rights (as against outsiders) to come into the new enterprise upon terms. Without attempting to go further into the matter, there may be other points from which stockholders of an insolvent corporation may challenge the fairness of a plan. It is sufficient to say the act clearly does not intend them to be wholly disregarded for every purpose from the moment a finding of insolvency is made.

The exceptions are all dismissed. The report of the special master filed March 1, 1935, is confirmed and the court determines as a fact that the debtor is insolvent within the meaning of section 77B of the Bankruptcy Act.