## In re AUGUSTYN.

## AUGUSTYN v. JOHN HANCOCK MUT. LIFE INS. CO.

### No. 5961.

Circuit Court of Appeals, Seventh Circuit.
Jan. 22, 1937.

Rehearing Denied Feb. 9, 1937.

578

L. A. Sherwin, of Chicago, Ill., for appellant.

George H. Grear, of Chicago, Ill. (John H. Smalley, of Chicago, Ill., of counsel), for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

BRIGGLE, District Judge.

This appeal is from an order of the District Court, sustaining exceptions to a referee's report and dismissing appellant's petition filed under section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202). The referee had recommended approval of the petition as properly filed and in good faith. The matter was heard by the District Court upon a motion of ap-

pellant to approve the referee's report and upon some twenty exceptions by appellee, touching many matters, but including the question of good faith. Appellant has not preserved a sufficient record to indicate which specific exceptions were sustained or the precise basis of the court's order in dismissing debtor's petition, but proceeds on the theory that the court's order was based, in part at least, upon the finding of lack of good faith.

Appellant filed his petition in the District Court on April 15, 1936, alleging that he was solvent, but unable to meet his obligations as they matured, and praying for an extension of time to pay his debts under the provisions of section 74. He attached to his petition his schedules, showing assets in the sum of $48,200 and liabilities in the sum of $27,350 (later slightly changed by amendment). The debtor's principal asset was a parcel of improved real estate, consisting of a lot and a two-story brick building known as 3048–50 Milwaukee avenue, Chicago, Ill., and his principal creditor was the John Hancock Mutual Life Insurance Company, appellee, which held a mortgage upon said property in the principal amount of $22,000 with accrued interest thereon, at the time of filing petition, in excess of $3,000. The debtor placed an estimated value upon this real estate of $45,000, which accounts in the most part for the aggregate estimated assets of $48,200.

The matter was referred to a referee for preliminary investigation of the question of the sufficiency of the petition and the good faith of the petitioner, and evidence was heard. The debtor who showed no qualifications as a real estate expert, expressed his opinion, before the referee, that the property was worth $48,000, and the only other witness on the question of value, who was concededly a qualified real estate expert, fixed a valuation on the property of $18,750. Appellant was the manager of a corporation known as F. J. Augustyn, Inc., engaged in the dry goods business and occupying a portion of the mortgaged premises, for which it paid a monthly rental of $95. One of the flats was rented for $30 per month and the tenant, in addition to the monthly rental, performed certain janitor services; a dress shop paid a rental of $15 a month; and the debtor himself occupied a flat free of rent. The general taxes upon the premises were some $500 per year; fuel required for heat, $250 a year; water service, $34.50 per year.

The mortgage loan was made in May, 1929, and bore interest at the rate of 5½ per cent. per annum and was due five years after date. The principal sum, therefore, became due in May, 1934, after which time it bore an increased rate of interest. The mortgage had been in default since 1933, but for a time the parties had a tentative arrangement by which the debtor deposited monthly payments of $200 with the mortgagee, in an effort to remedy the default, but in September, 1935, appellant advised appellee that he could no longer make the monthly payments of $200 and requested permission to turn over to the mortgagee the net income from the building. This proposal finally took shape in the form of a written document, the terms of which we deem unimportant, for the reason that it was never accepted by appellee and was never executed. Nothing has been paid to appellee since October, 1935. The real estate expert who testified before the referee estimated the annual gross income to be derived from the building, if all available space were rented at a fair rental value, to be $2,820, with a total fixed charge against the property, including taxes, insurance, fuel, janitor service, and incidentals of $1,570 per year without any deduction for management or collection or for loss of rent, thus showing a net income of $1,250.

It will thus be seen that the net income to be derived from the premises is wholly insufficient to meet even the current interest charges upon the mortgage indebtedness, to say nothing of any provision looking to the payment of past-due interest or the ultimate retirement of the principal. The debtor is employed at a salary of $25 per week by the Dry Goods Company occupying the building, and has no income or means from which it can reasonably be expected he may make contributions over and above the income of the mortgaged premises. Indeed, the voluntary arrangement existing between him and appellee prior to October, 1935, was in all respects similar to any relief that he might reasonably expect under the provisions of section 74 of the Bankruptcy Act and which debtor expressed his inability to perform.

The question of good faith is a fact question, the determination of which this court will not disturb if there is substantial evidence supporting the conclusion of the lower court and there appears no abuse of discretion. The facts heretofore recited were proper matters for the court to consider as bearing upon this question, and in reaching the conclusion that there was a lack of good faith the District Court's order finds ample support in the record. The court was not confined to a consideration merely of the honesty of purpose of the debtor and was not bound to retain a proceeding which gave promise only of a "visionary or impracticable schemes for resuscitation." Tennessee Publishing Company v. American National Bank et al., 299 U.S. 18, 57 S.Ct. 85, 87, 81 L.Ed. —— (decided November 9, 1936). See, also, In re Sterba (C.C.A.) 74 F.(2d) 413; In re Nordseth (C.C.A.) 79 F.(2d) 645; In re Van Doren (C.C.A.) 79 F.(2d) 859.

Under the circumstances we are not at liberty to disturb the order of the District Court and it is, accordingly, affirmed.