## In re GEISER MFG. CO.

### No. 9353.

District Court, M. D. Pennsylvania.

March 5, 1937.

Arthur H. Hull, of Harrisburg, Pa., and H. Blair Minick, of Waynesboro, Pa., for debtor.

Edwin D. Strite, of Chambersburg, Pa., and John D. Benedict and N. F. Keller, both of Waynesboro, Pa., for creditors.

JOHNSON, District Judge.

This matter is before the court on exceptions to the report of the special master recommending the dismissal of the debtor's petition under section 77B of the Bankruptcy Act as amended (11 U.S.C.A. § 207).

On April 7, 1936, the Geiser Manufacturing Company filed a petition for reorganization. The First National Bank & Trust Company in Waynesboro, Pa., mortgage creditor in the amount of $136,-300, and certain other creditors, moved to dismiss the petition for the principal reason that the petition was not filed in good faith because the schedule of assets annexed to the petition showed grossly exaggerated values, whereas in fact the real estate, buildings and equipment, covered by the mortgage, were not of sufficient value to pay the mortgage. After hearing on April 13, 1936, the creditors' motion was dismissed; the debtor's petition was approved, trustees were appointed, and the case was referred generally to the special master.

On April 28, 1936, the creditors who had previously moved to dismiss filed an answer controverting the facts of the debtor's petition. Since the case had already been referred generally to the special master, the answer was also referred to him for findings, conclusions, and report. After hearing testimony the special master filed his report recommending dismissal of the petition. The debtor filed exceptions to the findings, conclusions, and recommendations, which are now before the court.

The schedule annexed to the petition [1] shows liabilities to creditors of $500,851.34 and actual assets of $824,864.88, consisting of $3,468.87 cash in bank; $8,530.54 notes and accounts receivable; $119,864.10 inventory at plant; $5,621.05 consigned stock; real estate, $42,400; buildings and equipment, $323,718.13; machinery and equipment, $310,193.48; and dwellings, $11,068.71. The creditors in their answer aver in substance that the debtor's petition was not filed in good faith as the debtor is hopelessly insolvent and cannot effect a reorganization; that the inventory at plant of $119,864.10 is excessive and not worth over $10,000; that the real estate of $42,400 and buildings and equipment of $323,718.13 are excessive and not worth over $125,000; and that the machinery and equipment of $310,193.48 is excessive and not worth over $35,000. The debtor's liabilities of $500,851.34 are conceded to be substantially correct.

In the ninth finding of fact, to which exceptions were filed, the special master found the value of the assets to be $330,-

| | [1] Book Value (Schedule of assets in debtor's Petition) | M. H. Landis (Petitioner's witness) | Hockman (Respondent) | Warnick (respondent) | Middle-Sperger (respondent) | Shearer (respondent) | Stemm (respondent) | Master's Report | Master's Report corrected |
|---|---|---|---|---|---|---|---|---|---|
| Cash in Bank | $3,468.57 | | | | | | | 428.00 | 428.00 |
| Notes and Accounts receivable | $8,530.54 | | | | | | | | |
| Inventory at Plant | 119,864.10 | | | | | | | *87,735.91 | 119,864.10 |
| Consigned stock at cost | 5,621.05 | | | | | | | | 5,621.05 |
| Real Estate (Land) | 42,400.00 | (Dwellings & R.E. $183,386) $155,386.00 | $41,800 | | $33,189 | | | 33,189.00 | 33,189.00 |
| Buildings and Building Equipment | 323,098.40 | 310,205.10; 77,729.17 | 61,800 | $95,258.73 | 89,433 | | | 88,000.00 | 88,000.00; 77,729.17 |
| Machinery and Machinery Equipment | 305,813.21 | 118,192.75; 142,871.16 | | | | $50,000 | $65,000# | 65,000; *88,806.00 | 65,000; 87,785.60 |
| Dwellings and lots | 11,068.71 | 28,000.00 | 19,000 | | x 17,225 | | | 17,000.00 | 17,000.00 |
| | 824,664.88 | | | | | | | 330,158.51 | 494,567.23 |

(x Does not include lots. # includes some equipment. * error.)

158.51, comprised as follows: Buildings, $88,000; machinery and equipment, $65,000, to which the master added "the value of certain motors, jigs and fixtures," etc., not valued by witnesses at the hearing, at $38,806.60, making a total estimate of $103,806.60 for machinery and equipment; land $33,189; residences and lots $17,000; "inventory at plant" valued by witness Landis at $87,735.91 and $428 cash. The master found that there was no evidence of any notes and accounts receivable of value.

The debtor contends that the master erred in computing the debtor's assets and that the master's own figures, as corrected, show that the debtor is solvent. The debtor complains that the master intended to adopt the debtor's valuation of $119,864.10 for "Inventory at Plant," but erroneously used the figure of $87,735.91, which represents the witness Landis's valuation of omitted items from "Machinery Equipment." The only valuation in the record of the "Inventory at Plant" is $119,864.10. The debtor further complains that the master adopted witness Stemm's valuation of $65,000 for machinery and certain items of "Machinery Equipment"; but in adding the value of the remainder of the "Machinery Equipment" the master erroneously used the figure of $38,806 which nowhere appears in the testimony but should have used witness Landis's valuation of $87,735.91, the only valuation on record of the excluded items of "Machinery Equipment." None of the objecting creditors' witnesses testified to the valuation of all the "Machinery Equipment." The only valuation of all the "Machinery Equipment" was made by debtor's witness Landis, who put it at $142,371.16. The debtor further complains that the master failed to include the item of $5,621.05 for "Consigned Stock at Cost." This appears on the record as an asset.

It appears that the master erred in his computations, as pointed out by the debtor, and if the corrections are made, the master's computation of the assets would amount to $494,567.23 against liabilities of $500,851.34. A schedule of the valuation of the assets by the various witnesses is annexed to this opinion.

The master adopted the valuations made by the respondent's witnesses, and in some cases the lowest valuations made by them. It appears that the valuations on the books of the debtor as well as the valuations of debtor's witnesses were not considered. It appears also that the master based his computations on liquidation values and not values of a going concern. In the seventh finding it is stated in reference to valuations made by debtor's witness Landis: "It should be noted that his standard of valuation is the value of the machinery and equipment to the Geiser Manufacturing Company as a going concern. The petitioner did not offer any direct testimony as to the market value or liquidation value of the machinery etc. * * * The values placed upon real estate and personal property by witnesses called by the objecting creditors is the market or liquidating value." The testimony shows that the objecting creditors' witnesses, especially those who appraised the machinery, based their estimates on liquidation values and sales of machinery piecemeal.

In determining the fair valuation of the debtor's assets, the going concern value must be considered, since if a reorganization is effected as proposed, the assets have that value to creditors and stockholders. In Gerdes on Corporate Reorganizations, § 93, p. 245, it is stated: "In a number of decisions it has been held that the going concern value of an active business must be considered in determining the fair value of its property. Fair value is not the value of the property after its going concern value has been reduced or destroyed by the intervention of bankruptcy proceedings, or by a levy and execution on the property of the debtor." See, also, In re Reading Hotel Corp. (D.C.) 10 F.Supp. 470; In re Wickwire Spencer Steel Co. (D.C.) 12 F.Supp. 528.

While it appears from the testimony that additional capital will be required to effect a reorganization, there is nothing to contradict the debtor's assertion that it can raise the necessary funds. The objecting creditors have not shown that the debtor is hopelessly insolvent, but on the contrary the record shows that the debtor's assets and liabilities are such that a reorganization is possible. In any event the debtor should be given an opportunity to demonstrate whether a reorganization can be effected. If the debtor or any other interests are successful in effecting a reorganization, the interests of all the creditors and stockholders will be saved; if a reorganization is not effected in a reasonable time, the objecting creditors'

position will not be impaired. The court must again conclude, as it did in considering the motion to dismiss, which raised the same issues as are raised by the answer, that the debtor's petition was filed in good faith.

In view of this conclusion it is unnecessary to discuss the remaining exceptions.