## R. L. WITTERS ASSOCIATES, Inc., v. EBSARY GYPSUM CO., Inc., et al.

### No. 8596.

Circuit Court of Appeals, Fifth Circuit.

Jan. 5, 1938.

Leland Hyzer, of Miami, Fla., for appellant.

Herbert U. Feibelman and W. G. Ward, both of Miami, Fla., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a petitioner for corporate reorganization under section 77B (a)[1] of the National Bankruptcy Act, filed its petition in the form, and with the allegations, required by the section. The District Judge approved the petition, continued the debtor temporarily in possession, and directed that a hearing be had as to whether a trustee should be appointed. Appellees are creditors who, before the filing of the reorganization petition, had instituted involuntary proceedings in bankruptcy against petitioner. They appeared in the proceeding to controvert the facts alleged in the petition, particularly that the petition was filed in good faith.

The principal points of attack upon the good faith of the petitioner are that it made a conveyance some six months before, which has operated to hinder, delay, and defraud its creditors; that it is not a going concern and cannot be made one; and that the reorganization petition was filed not in good faith to obtain the benefits of the act, but in bad faith, for the purpose of coercing creditors to accept an unconscionable settlement. There was a hearing, at the end of which the District Judge found that the petition had not been filed in good faith. He filed findings of fact and conclusions of law of which these are the gist:

"The court, therefore, finds from all of these facts, that this corporation is no longer an active, going concern. If it possessed any good will, which should be protected by this court through reorganization proceedings, certainly such good will has been lost, for the volume of its business compared to its former operations is insignificant. Certainly the prospects of an expedient and economical reorganization are not apparent. There appears to be no certainty whatever that this corporation can be reorganized. In truth and in fact, it has gone a long way towards liquidation without apparent benefit to the creditors themselves. There is no reasonable expectation of continued useful existence, or successful rehabilitation. * * *

"The good-faith clause of section 77B of the National Bankruptcy Act, as amended (11 U.S.C.A. § 207), has been employed as a basis for refusing approval to all petitions except those in which the prospects of economically expedient reorganization appear fairly certain at the time of filing. * * *

"By reference to 'good faith' the meaning is not merely sincerity of intention. The expression embraces a reasonable expectation of continued useful existence. There must be reasonable prospect for successful rehabilitation of the debtor. * * *

"Undoubtedly section 77B is aimed at the 'continuance of a business as a going concern,' and does not contemplate an inactive corporation, bereft of its chief means of livelihood. * * *

"Where a case presented is one for liquidation or for composition, proceedings under 77B should not be approved and the rights of creditors must be guarded and recognized throughout the proceedings as paramount to those of stockholders. * * *

"The evidence discloses a decreased activity by the debtor to the extent that its situation as a going corporation seeking to secure the benefits of section 77B of the Bankruptcy Act have been materially changed. The court in determining the legal good faith of a debtor seeking the benefits of

---

[1] 11 U.S.C.A. § 207(a).

the said section of the Bankruptcy Act should consider whether the debtor presents itself as applicant as a going corporation, continuing, and proposing to continue, its general activities without a radical change in its structural organization."

Based upon these views, he concluded that there was absent from the filing the "legal good faith the statute requires."

Appellant insists that the District Judge gave too narrow a construction to the statutory words "good faith"; that he gave them a meaning not intended by the lawmakers, and neither expressed nor implicit in the words. It insists that this ruling would exclude from the operation of the statute all corporations except those which are to be reorganized as going concerns; that specifically it would exclude corporations seeking an orderly and conserving liquidation as against the disrupting and dismembering processes of common-law actions and seizures.

■ We agree with appellant. The statute as to the corporations eligible to file the petition is broad and comprehensive. Under it, "Any corporation which could become a bankrupt * * * may file an original petition." Nowhere in the statute is there any definition of "good faith." What is meant by the term must be drawn from the meaning of the words themselves, as interpreted by the context in which they are used, the purpose back of the statute, the mischiefs it was enacted to prevent, the results it was enacted to accomplish.

The provisions of section 77B (a) pertinent to this appeal are:

"Upon the filing of such a petition or answer the judge shall enter an order either approving it as properly filed under this section if satisfied that such petition or answer complies with this section and has been filed in good faith, or dismissing it. * * * If three or more creditors who have provable claims which amount in the aggregate in excess of the value of securities held by them, if any, to $1,000 or over, * * * shall, prior to the hearing provided for in subdivision (c) clause (1) of this section appear and controvert the facts alleged in the petition or answer, the judge shall determine as soon as may be the issues presented by the pleadings, without the intervention of a jury, and unless the material allegations of the petition or answer are sustained by the proofs, the proceedings shall be dismissed."

■ It was under the latter of these provisions that the creditors, appellees, filed their motions to dismiss and the dismissal was had. Procedurally, therefore, the attack upon the petition was in order, and the judgment of dismissal must stand, if supported by the record. For though after final approval of the petition, as filed in good faith, the court retains full control over the proceeding to dismiss it if satisfied no feasible reorganization can be effected, it may, upon the issue of good faith made as here by contesting creditors before the stage of filing and considering plans, as provided for in subsections (c), (d), (e), as amended, and (f) of section 77B the act, 11 U.S.C.A. § 207 (c–f), has been reached, inquire into the situation of the debtor, and as to the feasibility of a reorganization under the act. It should not, however, before the stage of plan submitting has arrived, examine into the feasibility of reorganization with the searching intensity required, when a plan or plans having been submitted by the petitioner, the good faith, and feasibility of plans for reorganization come directly up.

■ A recognition of this difference in emphasis upon the question of plan and of reorganization feasibility, when, by an attack upon the good faith of a proposed submitted plan these matters are directly up, and when, by an attack upon the petition, as not filed in good faith they are only incidentally or collaterally up, is sufficiently, we think, if not always clearly, manifested in the cases. O'Connor v. Mills, 8 Cir., 90 F.2d 665; Manati Sugar Co. v. Mock, 2 Cir., 75 F.2d 284; In re Augustyn, 7 Cir., 87 F.2d 577; Tennessee Pub. Co. v. American Nat. Bank, 299 U.S. 18, 57 S.Ct. 85, 81 L.Ed. 13; c/f Knickerbocker Hotel Co., 7 Cir., 81 F.2d 981; In re South Coast Co., D.C., 8 F.Supp. 43; In re Loeb Apartments, Inc., 7 Cir., 89 F.2d 461; In re Kelly-Springfield Tire Co., D.C., 10 F.Supp. 414; In re Geiser Mfg. Co., D.C., 18 F.Supp. 506. Under the rule they establish, if it is clear that under no reasonable possibility can the debtor conform to and obtain the benefits of the statute, and that therefore the petition was manifestly filed, if by the debtor, for delay, or if by petitioning creditors, for harassment, the petition may be dismissed before the plan stage is reached, as wanting in the good faith the statute requires. Under that rule, where the good faith of the filing is attacked, before the plan stage has been reached, unless the impossibility of

conforming to and obtaining the benefits of the statute clearly appears, the petition should not be dismissed as not filed in good faith. It should be retained, and questions of plan and reorganization worked out, in the thorough and complete way the statute provides for later steps in the proceedings. What then is meant by the statutory requirement that the petition be filed in "good faith" is that it must appear that the petition, whether an involuntary one, filed by creditors against the debtor, or a voluntary one, filed by the debtor himself, was filed not for the purpose of harassing the debtor, or of hindering and delaying creditors, Re Piccadilly Realty Co., 7 Cir., 78 F.2d 257, but with the purpose and reasonable belief that under the processes provided for by section 77B, the debtor is in a position to conform to the requirements and to obtain the benefits of the statute.

The District Judge did not find in this case, under the evidence he could not have found, that it was beyond the bounds of reasonable possibility that within the time and under the processes the statute afforded, a plan might be presented under which the benefits of the statute could be properly extended to the debtor. He could not properly have done so, for the debtor had submitted no plan, and the decision of the question at the time and under the state of the evidence would have been premature. Apparently of the opinion that there could be no good faith unless there was a reasonable prospect for the successful rehabilitation of the debtor as a going or continuing corporation, his findings were directed to determining that there was no prospect of doing so. In our opinion, it was not necessary for the debtor to show this. It was sufficient for it to show that it was in a position to conform to and obtain the benefits of the statute for a slow, beneficial, and orderly liquidation. Re Central Funding Corporation, 2 Cir., 75 F.2d 256; In re Mortgage Securities Corporation, 2 Cir., 75 F.2d 261.

In addition to insisting that because the petitioner could not reorganize permanently as a going concern, they should be allowed to go ahead with the bankruptcy proceedings they had instituted, much, in fact the most, of what was said by appellees in their attack on the petition had to do with an arrangement the debtor had made with regard to some of its property some six months before the petition was filed. Full information with regard to this arrangement was given by the debtor in connection with the filing of the petition. Nothing was covered or concealed. Whether the arrangement was a good or a bad thing for the creditors, whether it was invalid, as fraudulent, or valid, as fair, and particularly whether in the condition it was in when the petition was filed it could present and effect a plan of reorganization within the statute, were matters to be taken up and fully determined at a later stage of the proceedings. As the record stood on appellees' motion to dismiss the petition, there was no ground for finding that it was not filed in statutory good faith, and it was error to dismiss it.

The order appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.