### SNYDER et al. v. FENNER et al.

### In re CENTRAL FORGING CO.

### No. 6942.

Circuit Court of Appeals, Third Circuit.
Feb. 2, 1939.

H. Montgomery Smith and Hervey B. Smith, both of Bloomsburg, Pa., and Wm. N. Trinkle and Frank F. Truscott, both of Philadelphia, Pa., for appellants.

Kreisher & Kreisher, of Catawissa, Pa., A. W. Duy, of Bloomsburg, Pa., and Geo. L. Fenner, of Wilkes-Barre, Pa., Harry S. Knight, of Sunbury, Pa., for appellees.

Before DAVIS, BIGGS, and MARIS, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by two creditors of the Central Forging Company, the debtor, and a receiver appointed by a state court for that company, from the order of the court below approving as properly filed under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, a creditors' petition for the reorganization of the debtor. The receiver is a temporary one appointed by the Court of Common Pleas of Columbia County, pending final hearing, upon a bill filed by a director of the debtor against the debtor and its other directors and officers charging fraudulent mismanagement and misappropriation of the assets of the debtor and diversion of its business and profits to another defendant, Catawissa Valve and Fittings Company. No final hearing has as yet been held by the state court in this suit.

We are met at the outset by a motion to dismiss the appeal because it is alleged the appellants have no standing to prosecute it. It is contended by the appellees that the only parties who may oppose the approval of a creditors' petition under Section 77B are (1) the debtor corporation, (2) three creditors whose combined claims aggregate a total of $1,000, or (3) stockholders holding 5% in number of any class of stock. The present appeal is by

two creditors and the state receiver. It is true that subdivision (a) of the section limits to the three groups just mentioned the right to controvert the facts alleged in the petition. This provision, however, relates to factual controversies. Good faith is not a fact to be alleged or proved. It is a conclusion to be drawn by the court from the facts alleged in the petition and shown at the hearing. Provident Mut. Life Ins. Co. v. University Ev. L. Church, 9 Cir., 90 F.2d 992. We conclude, as did the Circuit Court of Appeals for the Ninth Circuit in the case just cited, that a single creditor may raise the question of the good faith of the proceeding. We realize that this conclusion is in conflict with that reached by the Circuit Court of Appeals for the Seventh Circuit in Re Loeb Apartments, Inc., 89 F.2d 461, but we find ourselves not in accord with the reasoning of that case. We hold, therefore, that the two creditors who have appealed in this case had standing to oppose the approval of the petition by the court below as filed in good faith and to appeal from the order approving it. The motion to dismiss the appeal may consequently not be granted, even though the receiver as an officer of the state court may not represent either the debtor or its creditors in the reorganization proceeding.

The court below approved the creditors' petition as properly filed under section 77B. Its action in so doing is attacked by the appellants upon the grounds that the persons who filed the petition were not creditors, the debtor was not insolvent, and the petition was not filed in good faith.

As to the first two grounds of appeal it is sufficient to point out that they relate to matters of fact alleged in the petition which may only be controverted by creditors if three of them having an interest of $1,000 or more, join in the attack. The appellant creditors, two in number, therefore, have no standing to question these matters. It nevertheless appears that the petition, as amended, was filed by five persons whose aggregate claims against the debtor greatly exceeded $1,000. The court found that the petitioners were qualified as creditors to file the petition and that the debtor was unable to pay its debts as they matured. These findings were supported by the evidence. Furthermore the debtor filed an answer admitting the allegations of the petition and joining in its prayers. This the debtor had a right to do even though a receiver was in possession of its property. In re C. Moench & Sons Co., 2 Cir., 130 F. 685; Struthers Furnace Co. v. Grant, 6 Cir., 30 F.2d 576. The effect of its answer was to convert the proceeding into a voluntary one and thus to remove from the case the questions as to the petitioning creditors' status and as to the debtor's solvency. In re Palisades-on-the-Desplaines, 7 Cir., 89 F.2d 214; In re Park Beach Hotel Bldg. Corp., 7 Cir., 96 F.2d 886.

The remaining question is whether the petition was filed in good faith. Section 77B required the court to dismiss it unless satisfied that it had been so filed. Good faith at this stage of the proceeding imports an honest intention on the part of the petitioners to effect a reorganization of the debtor together with a need for and a possibility of effecting it. Tennessee Pub. Co. v. American Nat. Bank, 299 U.S. 18, 57 S.Ct. 85, 81 L.Ed. 13; R. L. Witters Associates v. Ebsary Gypsum Co., 5 Cir., 93 F.2d 746. The court below found as a fact that the petition was filed in good faith. Its finding was supported by evidence that prior to the filing of the petition under Section 77B all the parties in interest, including the plaintiff in the state receivership suit, conceded the necessity for the reorganization of the debtor, desired it, and were approaching agreement upon a plan at the time that the receiver was appointed by the state court. Because of this action, which made a voluntary reorganization impossible, the creditors' petition was filed in the court below. It was not suggested that reorganization was not practicable. Clearly the evidence furnished ample support for the court's finding of good faith. That finding was not precluded by the fact that mismanagement and fraud on the part of the debtor and its directors had been charged in the state receivership suit. In re Cloisters Bldg. Corporation, 7 Cir., 79 F. 2d 694. The finding of good faith supports the order of the court below approving the petition as properly filed.

Affirmed.