## In re CENTRAL FORGING CO.
### No. 9822.

District Court, M. D. Pennsylvania.
Nov. 10, 1939.

Hervey B. Smith, of Bloomsburg, Pa., for petitioners.

Harry S. Knight, of Sunbury, Pa., for debtor corporation.

Clair Groover, of Lewisburg, Pa., for trustee.

JOHNSON, District Judge.

A bill in equity was filed by a director of the Central Forging Company in the Court of Common Pleas of Columbia County, charging certain officers and directors of the corporation with fraud and misappropriation of corporate assets. Subsequently the defendants in the equity suit filed a petition as creditors of the debtor corporation for reorganization under Chapter X, § 101 et seq., of the Chandler Act, 11 U.S.C.A. § 501 et seq. After hearing, Honorable Albert L. Watson accepted the petition as being properly filed in good faith, entered an order restraining all proceedings in the county court, appointed a receiver, and directed that reorganization proceedings go forward. Petitioners here seek permission to proceed with the equity suit in the county court to recover for the debtor corporation the assets allegedly converted.

Two objections are raised against entertaining this petition. The first is that "the Circuit Court of Appeals held that this court has exclusive jurisdiction and that all proceedings in the state court should be stayed and discontinued". The Circuit Court of Appeals decided only that Judge Watson properly held the creditors' petition for reorganization had been filed in good faith: Snyder et al. v. Fenner et al., 3 Cir., 101 F.2d 736. It did not hold that the stay order concerning the equity suit in the state court could not be modified.

Section 111 of the Chandler Act establishes the exclusive jurisdiction of the Federal Court in corporate reorganization proceedings, but when read together with sections 148, 149 and 187 of the Act it becomes clear that the Federal Court may when it thinks proper authorize the trustee to prosecute, wherever pending, any action in favor of the debtor. While this petition is not made by the trustee, nevertheless, if facts were produced upon hearing sufficient to convince the Court that the above equity suit should be prosecuted for the benefit of the debtor corporation, an order could properly be entered authorizing the trustee to prosecute it.

The second objection to entertaining the petition is that "the Bankruptcy Act provides especially for investigations of the conduct of the corporation and the directors in matters particularly set forth in the

petition and alleged in the bill in equity in the state court". Section 167 provides for such investigation by the trustee when the Judge so directs. Whether this procedure or prosecution of the equity suit in the state court, if either, shall be followed, is for this Court to determine after a hearing on the facts.

It is therefore ordered that a rule be granted to show cause why this Court should not modify the order heretofore made restraining the prosecution of the above equity suit, and grant appropriate relief in accordance with the facts disclosed upon the hearing of this rule. All proceedings in the case to be stayed until disposition of this rule. Returnable at Lewisburg, Pennsylvania, the 27th day of November, 1939 at 10 o'clock, A. M.