## IDEN v. NEW YORK LIFE INS. CO.
### No. 4555.

Circuit Court of Appeals, Fourth Circuit.
Nov. 15, 1939.

John W. Cleaton, of Washington, D. C., for appellant.

Roger A. Bickers, of Culpeper, Va., for appellee.

Before PARKER and SOPER, Circuit Judges, and COLEMAN, District Judge.

### PER CURIAM.

This is an appeal from an order dismissing proceedings instituted under Chapter XII of the Bankruptcy Act as amended by the Chandler Act, 11 U.S.C.A. §§ 801–926. Petitioner is the widow of B. F. Iden, who had executed a deed of trust on the 40 acre tract of land on which he was living to the New York Life Ins. Co. He devised a life estate in this property to petitioner, who is now 85 years of age, with remainder to his five children. At the time of the filing of the petition on January 7, 1939, there was a balance due on the indebtedness secured by the deed of trust of approximately $4,000. The property, which was producing income of less than $200 per year, was subject to judgment liens against two of the remainder interests, aggregating approximately $7,500. Petitioner owed no debts and owned no property except the life estate in the mortgaged property and a one-fifth remainder interest therein conveyed to her by one of her daughters. She stated in her petition that she proposed to refinance the property and pay the claim of the New York Life Insurance Company within three months of the filing of the petition but without providing any means whatever for the execution of this arrangement. At a hearing before the referee in bankruptcy, the son who had charge of her affairs admitted that if the property could not be refinanced within 60 days it would not be possible to refinance it at all. Nothing had been done towards refinancing it when the referee filed his report on April 26, 1939, nor when his report was confirmed by the court on June 23, 1939, more than 60 days after the hearing before the referee, nor has anything yet been done, although more than ten months have elapsed since the filing of the petition.

Assuming without deciding that petitioner, although owing no debts, is in position as a life tenant to claim the benefit of the section of the bankruptcy act which she invokes, we are, nevertheless, of opinion that the proceedings were properly dismissed. No real arrangement was ever filed under section 461 of the act, 11 U.S. C.A. § 861, but merely a promise to pay in the future without indication of any source of revenue from which the promise was to be performed. No adequate means "for the execution of the arrangement" was provided as required by section 461(12). And it is perfectly clear that the petitioner's proposal was not feasible in view of the status of the property and the liens existing against it, and should be condemned as lacking in the requisite of good faith without which an arrangement can-

not be confirmed. Sec. 472, 11 U.S.C.A. § 872. Cf. In re Augustyn, 7 Cir., 87 F.2d 577. We think it true of cases of this sort, just as in proceedings under section 75, subs. a–r, of the bankruptcy act, 11 U.S.C. A. § 203, subs. a–r, which were considered by us in Massey v. Farmers & Merchants Nat. Bank & Trust Co., 4 Cir., 94 F.2d 526, 531, that "the offer of composition must be in good faith, and if the debtor is beyond all reasonable hope of financial rehabilitation and the proceedings * * * can have no effect beyond postponing inevitable liquidation, the proceedings will be halted at the outset. * * * 'The mere gesture of making some sort of an offer with no reasonable expectation that it will be accepted is not sufficient; nor is an offer based only on roseate but illogical hopes of what the debtor may, at some future time, be able to do' ".

The order appealed from will be affirmed and the mandate will issue forthwith.

Affirmed.