In re CENTRAL FORGING CO.

No. 9822.

District Court, M. D. Pennsylvania.
March 16, 1940.

Hervey B. Smith, of Bloomsburg, Pa., for H. C. Beckley and others, stockholders.

Harry S. Knight, of Sunbury, Pa., for George L. Fenner and others, petitioning creditors.

F. Brewster Wickersham, of Harrisburg, Pa., for Bondholders' Committee.

Clair Groover, of Lewisburg, Pa., and Walter H. Compton, of Harrisburg, Pa., for Walter H. Compton, trustee.

JOHNSON, District Judge.

Three matters in the above proceeding, heard together in open court on January 27, 1940, are before the Court for disposition. They will be separately considered.

I. The first question is whether a receiver appointed by a state court prior to commencement of reorganization proceedings must, as to acts done subsequent to the filing date of the reorganization petition, file his account in the state court or in the federal court.

Whatever the law was formerly, it is now settled by the amendatory Chandler Act of 1938, 11 U.S.C.A. § 1 et seq., that as to acts done after the filing of the reorganization petition, the receiver must primarily account to the federal court rather than to the state court of his appointment.

Section 69, sub. d, of the Chandler Act, 11 U.S.C.A. § 109, sub. d, provides: "Upon the filing of a petition under this title, a receiver or trustee, not appointed under this title, of any of the property of a bankrupt shall be accountable to the bankruptcy court, in which the proceeding under this title is pending, for any action taken by him subsequent to the filing of such bankruptcy petition, and shall file in such bankruptcy court a sworn schedule setting forth a summary of the property in his charge and of the liabilities of the estate, both as of the time of and since his appointment, and a sworn statement of his administration of the estate. Such receiver or trustee, with knowledge of the filing of such bankruptcy proceeding, shall not make any disbursements or take any action in the administration of such property without first obtaining authorization therefor from the bankruptcy court."

Section 102 (Chapter X) of the Act, 11 U.S.C.A. § 502, makes the above provision applicable to reorganization proceedings insofar as not inconsistent with the provisions of Chapter X. The section also provides that for the purpose of such application, provisions as to "bankrupts" shall be deemed to relate also to "debtors", and "bankruptcy proceedings" or "proceedings in bankruptcy" shall be deemed to include reorganization proceedings under Chapter X, and the date of the filing of the petition in bankruptcy shall be taken to

be the date of the filing of an original petition under Chapter X.

■ The Chandler Act became effective September 22, 1938. The reorganization petition of the Central Forging Company was filed August 5, 1938, and approved November 9, 1938. A careful reading of section 276 of the Act, 11 U.S.C.A. § 676, particularly subsection c thereof, shows that the provisions of the Chandler Act apply in their entirety to the reorganization of the Central Forging Company.

There is nothing in Chapter X of the Act, 11 U.S.C.A. §§ 501–676, inconsistent with the provisions of section 69, sub. d, quoted above. Section 69, sub. d, therefore, applies to the present reorganization proceedings. It should also be noticed that the receiver admits he had immediate knowledge of the filing of the reorganization petition.

Therefore, it is ordered that Roy D. Snyder, Receiver, shall, within 30 days from the date of this order, file in this court a sworn schedule setting forth a summary of the property in his charge and of the liabilities of the estate, both as of the time of and since his appointment, and a sworn statement of his administration from August 5, 1938 to February 23, 1939, the date he surrendered possession to the trustee appointed by this Court.

II. The second matter for consideration is a petition to review the special master's finding that the corporation is insolvent. The objection raised is that the special master in determining the value of fixed assets adopted liquidation values instead of going concern values.

■ Ordinarily going concern values should be considered in arriving at the value of a debtor's property. In re Geiser Manufacturing Company, D. C., 18 F.Supp. 506; In re Reading Hotel Corporation, D. C., 10 F.Supp. 470; In re Wickwire Spencer Steel Company, D. C., 12 F.Supp. 528. In this case, however, the value of these assets has already been before the Court for determination in connection with fixing the value of the bondholders' security. By order dated August 17, 1939, this Court determined that the Central Forging Company is not a going concern, that therefore it has no going concern value, and that the value of the assets in question is $33,808.-76. This order was not appealed and has not been modified. The figure of $33,808.-76 is the same one used by the special mas-

ter in finding corporate insolvency. If this valuation was questioned, the validity of it should have been raised by appeal from the order of August 17, 1939, in which petitioners were concerned and had notice. This not having been done, the valuation there fixed has become final, and will not be disturbed at this time, since no new argument has been advanced indicating to this Court that its order of August 17, 1939 was in error. Furthermore, the special master heard full and competent evidence in support of his finding and recommendations.

Therefore, it is ordered that the petition for review be, and the same is hereby, denied, the report of the Special Master is hereby confirmed, and the debtor corporation declared insolvent.

III. The third matter for consideration is a petition by certain stockholders for authority to continue a bill in equity in a state court charging former officers and directors of the debtor corporation with fraud and misappropriation of assets. This Court stayed the state suit when reorganization proceedings were begun in the federal court.

■ The petition for a rule to show cause, by which this was brought before the Court, contains certain formal defects upon which the petition and rule might properly be dismissed, but overlooking these defects, the Court in the exercise of its equitable powers, and to avoid unnecessary delay, will decide the questions raised on the merits.

■■ Petitioners ask leave to prosecute the suit in the state court on the ground that it may result in recovery of assets for the debtor corporation. Leave can not be granted petitioners to prosecute their suit in the state court. At best, if the Court thinks this a potential asset of the debtor, it might direct the trustee to prosecute the suit for the benefit of the corporation. Even this will not be done here, however. The bill in equity is of such nature that if reinstated and prosecuted, serious jurisdictional conflicts might arise between the federal and state courts in the management and affairs of the debtor corporation. Therefore, reinstatement will not be allowed.

■ Whenever in reorganization proceedings fraud or mismanagement of officers or directors is alleged, full opportunity should be granted complainants to

support their charges in open court. The Chandler Act provides the method for protecting this right.

Section 167 of the Act, 11 U.S.C.A. § 567, provides that the trustee upon his appointment and qualification

"(1) shall, if the judge shall so direct, forthwith investigate the acts, conduct, property, liabilities, and financial condition of the debtor, the operation of its business and the desirability of the continuance thereof, and any other matter relevant to the proceeding or to the formulation of a plan, and report thereon to the judge;

"(2)  *  *  *

"(3) shall report to the judge any facts ascertained by him pertaining to fraud, misconduct, mismanagement and irregularities, and to any causes of action available to the estate;

"(4)  *  *  *."

Therefore, pursuant to the above authority, it is ordered that Walter H. Compton, Esquire, trustee, shall investigate the charges of fraud, misconduct, mismanagement, and the acts of the directors and officers charged in the bill in equity in the Court of Common Pleas of Columbia County, Pennsylvania, and make report of his findings to this Court within thirty days from the date of this order. The trustee shall have no power to call or examine witnesses, but shall make his report from his own knowledge and investigation made pursuant to this order or prior thereto in connection with these reorganization proceedings. When the trustee files his report, notice will be given by the Court to all interested parties, and opportunity then and there granted to any aggrieved by the report, to present their evidence in open court in contradiction of the trustee's report. Thereafter, the Court shall make such orders pursuant to the trustee's investigation and report, as the justice of the case demands.

In view of the above order, it is further ordered that the rule granted to show cause why this Court should not modify its order restraining the prosecution of the above mentioned equity suit, and grant leave to further prosecute the same, be, and the same is hereby, discharged.