**In re JULIUS ROEHRS CO.**

No. 7453.

Circuit Court of Appeals, Third Circuit.

Nov. 14, 1940.

Isadore Glauberman, of Jersey City, N. J., for appellant.

William H. J. Ely, of Rutherford, N. J. (Ernest C. Lum, of Newark, N. J., of counsel), for Charles Hasselhuhn and another, receivers.

Chester T. Lane, Gen. Counsel, Securities and Exchange Commission, of Washington, D. C., and Morton E. Yohalem, of New York City, for Securities and Exchange Commission.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The affairs of the appellant Julius Roehrs Company have been administered through an equity receivership for a number of years. Upon April 17, 1940, the appellant filed a petition for reorganization pursuant to Section 128 of the Bankruptcy Act, as added June 22, 1938, 11 U.S.C.A. § 528, and prayed that the court enter an order approving its petition as being filed in good faith and complying with the requirements of Chapter X pursuant to the provisions of Section 141 of the Bankruptcy Act, as added June 22, 1938, 11 U.S.C.A. § 541. The learned trial judge entered an order to show cause which provided " * * * for a hearing

on the question of whether or not said petition should be filed and approved as being filed in good faith under Chapter X * * * and whether or not the debtor has the ability to carry out a reorganization, and the debtor shall * * * produce witnesses and offer proof for the purpose of supporting the element of good faith, and its ability to carry out its plan of reorganization; * * *". The debtor then filed a tentative plan of reorganization and a hearing was held. At this hearing Kurt Roehrs, a vice president and a director of the appellant, testified in general terms why he believed reorganization of the debtor would be possible and advantageous. The court reached the conclusion that the petition did not meet the requirements of Chapter X and, stating that he was not satisfied that the petition had been filed in good faith, dismissed it. The appeal at bar followed.

An examination of the order to show cause, the testimony and the conclusions expressed by the court show that the learned trial judge applied an erroneous test. Section 146, as added June 22, 1938, 11 U.S.C.A. § 546, provides four specific negative tests which may be applied to determine whether a petition is filed in good faith. The District Court applied none of them. Instead the appellant was required to file a plan. Since the appellant has indebtedness in excess of $250,000, if a plan of reorganization is submitted, this must be by an independent trustee who, among other things, must first investigate the facts essential to an informed judgment and report the result of his investigations. See Section 167 (1), (5), as added June 22, 1938, 11 U.S.C.A. § 567 (1) (5) and Sec. 169, as added June 22, 1938, 11 U.S.C.A. § 569.

So that there will be no misapprehension as to our ruling, we state that it was not the duty of the court to ascertain whether or not a particular plan of reorganization could be carried out but only whether it was reasonable to expect that a plan of reorganization could be effected; that there was opportunity and need for reorganization and that the petition was filed with the honest intention of effecting it and not for the purpose of hindering and delaying creditors. R. L. Witters Associates v. Ebsary Gypsum Co., Inc., 5 Cir., 93 F.2d 746; Snyder v. Fenner, 3 Cir., 101 F.2d 736. Nor is the test whether stockholders will profit by reorganization. It may well be that a plan ultimately adopted would exclude stockholders from any participation. Case v. Los Angeles Lumber Products Co., Ltd., 308 U.S. 106, 131, 60 S.Ct. 1, 84 L.Ed. 110; In re Central Funding Corp., 2 Cir., 75 F.2d 256, 261. There is always a question as to whether or not there is a good will or going concern value in the business of a debtor which feasibly may be preserved by reorganization for those entitled to it. But, as we have already indicated, the petition may not be found to be filed in good faith if it is within any of the prohibitions set forth by Section 146, though it must also be borne in mind that the generality of the meaning of the term "good faith" is not to be limited by the specific provisions of the section. These are the questions that the District Court must pass on.

Accordingly, the order of the District Court is reversed and the cause is remanded for proceedings in conformity with this opinion.