**In re George Carl NORRIS, Sr., Individually and t/a Geo. C. Norris & Associates, Norris Realty Company, and as a partner t/a Blue Ribbon Properties, Regency Properties, Southside Properties, Metro Properties, and Coachouse Apartments, Debtor.**

Bankruptcy No. 79–577–N.

United States Bankruptcy Court,
E. D. Virginia.

Dec. 26, 1979.

Jerrold G. Weinberg, Weinberg & Stein, Norfolk, Va., for debtor.

James W. Jones, Norfolk, Va., for Fidelity American Bank.

David H. Adams, Taylor, Walker & Adams, Norfolk, Va., for First and Merchants Nat. Bank.

## MEMORANDUM ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

Can the Court confirm the debtor's plan of reorganization over the objections of two secured creditors who have rejected it? Legally put, can these creditors be subjugated[1] to the plan against their will pursuant to the provisions of § 461(11) of the Bankruptcy Act, 11 U.S.C. § 861(11)?

Economically put, may a debtor's plan be subject to an improvement in the economy?

George Carl Norris, Sr. [debtor], a real estate developer, filed his Chapter XII petition on May 21, 1979, filed his plan on September 4, 1979, and at the adjourned first meeting of creditors had acquired the required acceptances of his plan by creditors in all classes, except for Fidelity American Bank [Fidelity] and First and Merchants National Bank [F&M]. The debtor than sought at the confirmation hearing, held on November 19, 1979, to compel Fidelity and F&M to go along with the plan as may be done pursuant to § 461(11), *if* said creditors are accorded the protective features of the section.

In addition to refusal to accept the plan, formal objection was made to confirmation.

### Adequate Protection

Fidelity agrees that it is over-secured. F&M would not agree to such a stipulation, but the evidence would indicate it is adequately protected, marginally.

The evidence on the value of the various parcels of property held by the debtor was indeed poor and consisted chiefly of the debtor's opinion of their worth. He is an experienced broker having been engaged in the buying, selling and appraising of real estate for more than twenty years. His testimony on value is certainly admissible. The Court finds that his testimony as to value is more credible than that of F&M. In fact, F&M's evidence on the point is unacceptable since in instances where the value of parcels is unknown, for example, it carries the value at zero. This is, of course, a procedure which, on paper, favors the bank but which is obviously unfair.

The debtor places its indebtedness to F&M at $335,812.66 while F&M fixes this at $344,600.00. No wide gap here exists but the Court still accepts, for these purposes, the figures of the debtor since there are indeed holes in F&M's evidence. Its failure to account for certain stock sold is an example of this. [Debtor's Exhibit 5; F&M Exhibit 1]

F&M computes the value of the security to be $331,600.00 [F&M Exhibit 1]; the debtor establishes it at $471,100.00, plus some disputed value for a computer and an automobile. [Debtor's Exhibit 4] As stat-

---

1. Vulgarly, this is called "cram-down" of the plan as, colloquially, "cramming it down the creditor's throat."

ed above, the debtor's figures are more believable.[2]

■ The subjugation of both Fidelity and F&M would be proper under the facts. They are adequately protected for the present.

Case law establishing this is well known in Chapter XII annals. *Rader v. Boyd*, 267 F.2d 911 (10th Cir. 1959); *In re Pine Gate Associates, Ltd.*, 2 Bankr.Ct.Dec. 1478 (N.D. Ga.1976); *In re Hartsdale Associates*, 3 Bankr.Ct.Dec. 460 (S.D.N.Y.1977); and *Commercial Law Journal*, June/July 1977, page 197. *The American Bankruptcy Law Journal* has afforded the best history and explanation of Chapter XII matters. Of particular interest is Benjamin Weintraub and Michael J. Crames: "Chapter XII Comes of Age; Recent Developments," Volume 51, page 291 (1977).

This Court has previously permitted subjugation in *In re Triangle Inn Associates*, 76–954–N, affirmed 1977, MacKenzie, D. J., and rejected it in *In re James River Properties*, 77–369–NN, affirmed 1978, Kellam, D. J.

The residue in the crucible is the discretion of the Court as to whether or not the creditors are adequately protected.

### Confirmation: Feasibility

■ The test for confirmation of a debtor's plan lies, statutorily, in § 472 of the Bankruptcy Act, 11 U.S.C. § 872. The sole issue in dispute here is whether or not the debtor's plan is feasible, the probability of actual consummation of the plan and not the debtor's good intentions. *Tennessee Publishing Company v. American National Bank*, 299 U.S. 18, 57 S.Ct. 85, 81 L.Ed. 13 (1936).

And this reduces to a single issue: When? The debtor proposes in his plan to sell certain real property and pay the debts when the economy is more favorable. He testified that sales had not been up to the

expectations and this is because of the high interest rate. When this comes down, he says, the property will sell. He suggests that even six months will accomplish this.

The creditors argue that this is too uncertain . . . and it is. Anything might work if we wait until the millennium. Waiting until the economy changes for the better is too thin a thread upon which to hang feasibility. Waiting until new, competent management has had opportunity to make progress or waiting until reasonable, fairly predictable expectations occur are one thing, but waiting for the national economy to improve is beyond the scope of intent for such reorganization cases. For better or for worse, we must take the interest rate as we find it. We must live with it or die by it; we do not play it a waiting game.

We note that (1) no payments on the debts have been paid to Fidelity and to F&M since the filing of the petition, except for the sale of some property by F&M with credits to the debtor; (2) a huge tax indebtedness on the property exists; and (3) the debtor had to borrow the $5,000.00 required for the pre-confirmation hearing deposit. There is little cash flow.

The picture is so gloomy and the prospects so contingent that it would be a gross mistake to confirm the plan. It is simply not probable that it will work. *Iden v. New York Life Insurance Company*, 107 F.2d 695 (4th Cir. 1939); *Wayne United Gas Company v. Owens-Illinois Glass Company*, 91 F.2d 827 (4th Cir. 1937).

The Court rejects out-and-out the contention of the two creditors that the debtor is "not a good seller and not a good manager." This is without foundation. There is no evidence, none, to show that the debtor has not tried earnestly to sell the property. There is no evidence here of mismanagement.

Accordingly, confirmation is denied.

IT IS SO ORDERED.

2. We say again it is difficult to determine the relative positions so slight is the evidence all around. For instance, F&M was uncertain that it has a lien on a certain six acre tract [item 16]; it was the debtor who stated that the bank does indeed have a lien. We make no quarrel over the absence of fancy, and costly, appraisals. We have often seen attempts to charm us glibly with these. However slight, the best evidence here is that of the debtor.