## MOUNT FOREST FUR FARMS OF AMERICA, Inc., et al. v. FARNSWORTH et al.

### No. 7527.

Circuit Court of Appeals, Sixth Circuit.

May 15, 1937.

William W. Brashear, of Detroit, Mich. (Frederick B. Darden, of Detroit, Mich., on the brief), for appellants.

Harold Shapero, of Detroit, Mich. (Shapero & Shapero, of Detroit, Mich., on the brief), for appellees.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from an order of the District Court approving the petition of appellees for reorganization of Mount Forest Fur Farms of America, Inc., as properly filed in good faith under section 77B of the Bankruptcy Act. The principal question is whether appellees are creditors of the corporation having provable claims in the amount of $1,000. Title 11, U.S.C. § 207.

The Mount Forest Fur Farms was organized as a Michigan corporation. Later a Delaware corporation of similar name took over all the assets of the Michigan corporation and assumed its liabilities. Cf. Morlock v. Mount Forest Fur Farms, 269

Mich. 549, 257 N.W. 880. Appellees are holders of certain contracts executed by the Michigan corporation. Appellants claim that appellees are not creditors; and that the aggregate of their claims if provable is not sufficient to entitle them to reorganization.

The corporation raised, ranched and bred muskrats and other fur bearing animals for the purpose of producing fur pelts. As a part of its business the corporation entered into some 10,000 contracts of three years' duration, 14 of which are here involved. Each contract provided that the corporation should sell to appellants one or more pairs of muskrats at a stipulated price. Each pair was represented to increase to about 2,662 muskrats in the course of three years. The corporation was to retain one-half of this number as its fee for ranching the muskrats, and the contract holder was to receive the other one-half or to be paid the current price for pelts of all muskrats belonging to him, if he left the muskrats to be ranched by the corporation and to pyramid instead of pelting them before the expiration of the contract period. It developed that muskrats could not be bred in captivity, that they devoured each other, and were subject to diseases, and none were turned over to Harry J. Merritt, receiver of the corporation, appointed by the Circuit Court of Wayne County, Michigan, on August 21, 1931. The principal assets at that time were several parcels of real estate, all but two of which have been sold by the receiver with the approval of the state court, but without notice to the contract holders. At no time were the contract holders notified to file their claims with the receiver. The sole assets of the corporation consist of the two remaining parcels of land, one of 52,000 and the other of 10,000 acres of swamp land in Louisiana.

■ It is not necessary to consider whether the petition was filed in good faith, for the order must be reversed upon the ground that appellees' contracts do not constitute provable claims. The original contracts made by the Michigan corporation, one of which is the basis for a judgment affirmed by the Supreme Court of Michigan in the Morlock Case, supra, contained a guaranty of increase of 30 muskrats per year and a stipulation as to the price to be paid for the pelts. Only 3 of the original contracts are involved herein, and while they contain a similar guaranty, all of them are barred under the Michigan statute of limitations, section 13976, Compiled Laws of Michigan, 1929.[1] This proceeding was instituted March 30, 1936. The guaranty contracts executed in 1926 were to run for a period of three years, and the causes of action accrued three years after the date of execution. Eight other contracts in suit, upon which $700 has been paid, are not barred. Assuming that the principal sum is recoverable, together with interest, an amount sufficient to confer jurisdiction is involved. These eight contracts, however, contain no provision for repayment of the principal sums paid, and no enforceable guaranty. While they guarantee the life and health of the purchased muskrats for one year from date of contract, it is not shown that the muskrats did not live and were not healthy during that period. The contracts provide for payment only when the corporation pelts or sells the muskrats. The claimants received neither muskrats nor payments, but it is not shown that the muskrats lived any definite period of time, nor that they were pelted or sold.

■ Even though it might be more expedient for the federal court to deal with the assets than the state court [Cf. Fuller v. Memphis Street Ry. Co., 86 F.(2d) 891 (C.C.A.6)], the petition filed herein is not sufficient to give the federal court jurisdiction.

The contracts for the sale of the muskrats were performed on each side. Appellees paid for the muskrats, and there is no proof that the muskrats were not set aside for them. There is no provision or term in the contracts for the breach of which it would be permissible to find damages in an amount of $1,000. No breach of contract has been shown. Appellees are not creditors of the corporation having provable claims in an amount of $1,000, and the petition for reorganization should have been denied.

The order is reversed and the cause is remanded for proceedings in accordance with this opinion.

---

[1] Section 13976, Comp.Laws of Michigan 1929.

"All actions in any of the courts of this state shall be commenced within six (6) years next after the causes of action shall accrue, and not afterward, except as hereinafter specified."