In re MT. FOREST FUR FARMS OF AMERICA, Inc.

MERRITT et al. v. MT. FOREST FUR FARMS OF AMERICA, Inc.

No. 8157.

Circuit Court of Appeals, Sixth Circuit.

April 5, 1939.

70

William Brashear, of Detroit, Mich. (Darden & Brashear, of Detroit, Mich., on the brief), for appellants.

Ross W. Shumaker, of Toledo, Ohio (Fraser, Effler, Shumaker & Winn and Robert C. Dunn, all of Toledo, Ohio, Charles S. Abbott, of Ann Arbor, Mich., and Ross W. Shumaker, of Toledo, Ohio, on the brief), for Mt. Forest Fur Farms.

Robert S. Marx, of Detroit, Mich. (Robert S. Marx, Carl Runge, and Lawrence I. Levi, all of Detroit, Mich., on the brief), for Frank Fitzgerald, permanent trustee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

This is a corporate reorganization proceeding under § 77B of the Bankruptcy Act, 11 U.S.C. § 207, 11 U.S.C.A. § 207. The appellants, creditors of the debtor corporation, appeal from the following orders of the District Court:

(1) An order entered August 15, 1938, approving the petition for reorganization.

(2) An order entered September 12, 1938, (a) overruling the creditors' motion to dismiss the petition, and (b) appointing a permanent trustee.

(3) A temporary restraining order issued August 16, 1938.

(4) A permanent restraining order issued August 19, 1938.

There have been various prior proceedings in this court relating to this same con-

troversy. This is the first voluntary reorganization proceeding instituted by the appellee corporation. The principal prior appeal grew out of an involuntary petition filed by certain alleged creditors, and was disposed of in Mt. Forest Fur Farms of America, Inc. v. Farnsworth, 6 Cir., 92 F. 2d 342.

The orders of the District Court must be affirmed. In approving the petition for reorganization, the court specifically found that the petition was filed in good faith, and that it was reasonable to expect that a plan of reorganization beneficial to the creditors and stockholders could be effected. Whether good faith exists under the requirement of the statute is a question of fact, and the ruling of the court upon that question will be upheld unless the finding is clearly wrong. A lengthy hearing was held, and the findings are supported by the evidence adduced therein, as well as by the pleadings. The petition set forth the jurisdictional prerequisites and its allegations show that an equity will be left after the claims of the creditors are satisfied and that there is a possibility of successful reorganization. Cf. Detroit Trust Co. v. Campbell River Timber Co., 9 Cir., 98 F.2d 389, 393. The fact that a state receivership existed is not controlling. Cf. Kreuger v. Knickerbocker Hotel Co., 7 Cir., 81 F.2d 981. No abuse of discretion is shown in the court's approval of the petition.

The appointment of a permanent trustee likewise was a discretionary order. McAdoo & Neblett v. F. P. Newport Corp., Ltd., 9 Cir., 93 F.2d 630. When a petition to reorganize has been approved, the appointment of the trustee is authorized under the statute, Title 11, § 207(c), U.S.C., 11 U.S.C.A. § 207(c), and there is no proof that the action here was improper.

The court's refusal to dismiss the petition is clearly justified, as no plan has yet been proposed. Such a dismissal is not authorized before the filing of a plan unless lack of good faith clearly appears from the record. R. L. Witters Associates, Inc. v. Ebsary Gypsum Co., Inc., 5 Cir., 93 F.2d 746. There is no such showing here.

The motion to dismiss was premature. With reference to these preliminary matters, when the petition for reorganization is fair upon its face, the courts do not assume that the rights of the parties will be impaired in advance of the determination of controverted questions. Clarke v. Utilities Power & Light Co., 7 Cir., 90 F.2d 798. Cf. Federal Land Bank v. Strawn, 6 Cir., 102 F.2d 676 decided March 17, 1939.

The orders approving the petition for reorganization, overruling the motion to dismiss the petition, and appointing the permanent trustee, are affirmed. As to the restraining orders of August 16, 1938, and of August 19, 1938, the record shows that in the case entitled Kimball and Latting v. Bangs, No. 180,924 in chancery, pending in the Circuit Court of Wayne County, Michigan, an order was entered by the state court in substance restraining the debtor, its stockholders, officers and directors and a certain stockholders' committee of the debtor corporation, the Mount Forest Fur Farms, Inc., a Michigan corporation, its directors, officers and stockholders, agents, representatives and attorneys, from preparing or in any way aiding the institution of reorganization proceedings on behalf of the debtor corporation in the District Court without the consent of such state court, and that under this restraining order the directors of the debtor corporation were found by the state court to have been guilty of contempt of court in instituting such proceedings. This restraining order was erroneously entered. It denied to the appellee, its directors, stockholders and attorneys, access to the federal courts, thus depriving them of their constitutional right to relief under § 77B of the Bankruptcy Act. Art. 1, § 8, clause 4, Constitution of the United States, U.S.C.A.

On the day after petition for reorganization was approved by the District Court (August 16, 1938), that court entered a restraining order of which the following are the material portions:

"1. All further proceedings and steps of every kind and nature in Cause No. 180924, in chancery, in the Circuit Court for the County of Wayne, State of Michigan, entitled Dean G. Kimball and Raymond A. Latting, plaintiffs v. Milton S. Bangs, et al., defendants, are hereby stayed, and said court, and all judges thereof, and all parties to said cause, and Harry J. Merritt, receiver appointed therein, and all attorneys for said parties or said receiver, are hereby restrained and enjoined from taking or attempting to take any proceedings whatever therein.

"2. Said Circuit Court of Wayne County, and all judges thereof including the Honorable Guy A. Miller, Harry J. Merritt, receiver, appointed therein, Arthur

F. Neef, counsel for receiver, the law firm of Darden and Brashear and all members thereof, are hereby restrained and enjoined from placing or attempting to place any charge or lien upon any property of debtor for the payment or security of payment of fees or compensation or for any purpose whatsoever."

This order was amplified upon August 19, 1938, in a second restraining order, the material part of which is as follows:

"2. It is hereby ordered and decreed by the court that the aforesaid Circuit Court for the County of Wayne, State of Michigan, and the judges thereof, be and they are hereby restrained and enjoined from proceeding with, enforcing or attempting to enforce the said injunction issued by said court, and from compelling or attempting to compel said persons, or any of them, to show cause under the order heretofore issued by said court why they should not be found in contempt of said court and punished therefor; and from punishing or threatening or attempting to punish any person or persons for alleged violation of said order of the court of failure to show cause; and said circuit court, the judges thereof, and all parties and attorneys in said case, are hereby restrained and enjoined from making or proceeding with any application or attempt to cite for contempt or punish in said state court, or elsewhere, any person whomsoever for any alleged violation or violations of said state court injunction; and are further restrained and enjoined from threatening, intimidating or interfering with any officer, director or stockholder of the debtor corporation, members of its stockholders' committee, or any other witness, from appearing and testifying as a witness or witnesses in this proceeding for the reorganization of said debtor corporation."

Subsequent to the issuance of the restraining orders by the District Court the state court indicated that if the order of the federal court were sustained by the Circuit Court of Appeals the contempt proceedings would be concluded in the state court. We do not pass upon the propriety of the order restraining the state court. Such action should be taken by a federal court rarely, if ever. This record shows that it is in any event unnecessary to continue in force the injunction restraining the Circuit Court of Wayne County, Michigan, and the judges thereof, as set forth in the foregoing extracts from the restraining orders of the District Court. The injunctions will be maintained in force so far as they restrain the parties to the proceedings. Cf. Central National Bank v. Stevens, 169 U.S. 432, 462, 463, 18 S.Ct. 403, 42 L.Ed. 807; Steelman, Trustee v. All Continent Corp., 301 U.S. 278, 291, 57 S.Ct. 705, 81 L.Ed. 1085.

That part of the orders which restrains the state court and the judges thereof from placing or attempting to place any charge or lien upon the debtor's property for the payment or security of payment of fees or compensation, or for any purpose whatsoever, and that part of the order which restrains the state court and the judges thereof from proceeding to enforce the injunction issued by the state court and from proceeding in contempt proceedings thereunder is vacated. In all other respects the restraining orders are affirmed.