455 F.Supp. 434 (1978)
UNITED STATES of America, Plaintiff,
v.
MANSION HOUSE CENTER, etc., et al., Defendants.
No. 76-20C(3).
United States District Court, E. D. Missouri, E. D.
August 17, 1978.
Joseph B. Moore, Asst. U. S. Atty., Dept. of Justice, St. Louis, Mo., J. Christopher Kohn, Civ. Div., Dept. of Justice, Washington, D. C., Donald Flint, Area Counsel, Dept. of Housing and Urban Development, St. Louis, Mo., for plaintiff.
Gerald A. Rimmel, in pro per.
Gene M. Zafft and Merle Silverstein, Rosenblum, Goldenhersh, Silverstein & Zafft, St. Louis, Mo., A. Bruce Schimberg, Sidley & Austin, Chicago, Ill., for receiver Rimmel.
Frank A. Bussmann, Clayton, Mo., for defendants Frank, MH Center N. Redevelop. Corp., MH Center N. Redevelop. Co., MH Center Redevelop. Corp., MH Center Redevelop, MH Center S. Redevelop. Corp., MH Center S. Redevelop. Co., Remsco Management, Inc., Willowbrook Realty, Inc.
Maurice B. Frank, in pro per.
James F. Gunn, St. Louis, Mo., for limited partners added Sept. 1, 1977: Heftler, Ehrlich, Perry and Altman, MH Center N. Tower Redevelop. Corp., MH Center Tower Redevelop. Corp., and MH Center S. Tower Redevelop. Corp.
Lawrence Sanders, trustee in bankruptcy, Mansion House Motor Hotel Co., in pro per.
Jerome W. Sidel, St. Louis, Mo., for Lawrence Sanders.
Robert B. Chatz, Arvey, Hodes, Costello & Burman, Chicago, Ill., for Maurice B. Frank, MH Center S. Redevelop. Co., MH Center Redevelop. Co., MH Center N. Redevelop. Co.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon the receiver's motion for a preliminary injunction, *435 enjoining certain defendants from proceeding with Chapter XII petitions pending in the United States District Court for the Northern District of Illinois. Plaintiff brought this suit as mortgagee of an apartment and motor hotel complex, seeking a variety of relief to protect its interest therein. On September 8, 1976, this Court appointed a receiver pendente lite. The order of this Court provided in part:
IT IS FURTHER ORDERED that said defendants [Mansion House Center North Redevelopment Company, Mansion House Center Redevelopment Company and Mansion House Center South Redevelopment Company] and all agents, servants and employees of said defendants be and are restrained and enjoined from interfering in any way with said mortgaged properties or the receiver in his possession, control and management of said properties during the pendency of this action.
On December 30, 1976, defendant Maurice B. Frank, asserting the status of individual general partner, filed petitions pursuant to Chapter XII of the Bankruptcy Act on behalf of Mansion House Center South Redevelopment Company, a limited partnership. Following hearings, this Court held on February 4, 1977 that defendant Frank was not the individual general partner of any partnership whose assets were in the possession of this Court's receiver. On March 10, 1977, this Court denied as moot plaintiff's motion to hold defendant Frank in contempt of court for violation of the September 8, 1976 order. The Court stated:
It is the Court's conclusion that the September 8, 1976 order of this Court, restraining defendant Frank from interfering in any way with the receiver in his possession of the mortgaged properties during the pendency of this action, is sufficiently clear and precise to cover the conduct asserted as contempt herein [the December 30, 1976 Chapter XII petitioners].
In the March 10, 1977 order, the Court concluded that defendant Frank had filed the December, 1976 Chapter XII petitions in bad faith, and had violated the September 8, 1976 order of this Court. While denying the motion to hold defendant Frank in contempt because of mootness, the Court stated that defendant Frank "should stand forewarned that serious consequences might have resulted from such conduct".
Nevertheless, on July 11, 1978, defendant Frank, acting on behalf of Mansion House Center Redevelopment Corporation, Mansion House Center South Redevelopment Corporation and Mansion House Center North Redevelopment Corporation, filed petitions pursuant to Chapter XII of the Bankruptcy Act on behalf of Mansion House Center Redevelopment Company, Mansion House Center South Redevelopment Company and Mansion House Center North Redevelopment Company. The Redevelopment Corporations are the corporate general partners of the corresponding Redevelopment Companies, all limited partnerships. The petitions were filed in the United States District Court for the Northern District of Illinois.
A hearing was held on the instant motion on August 15, 1978. The evidence adduced therein casts serious doubts upon the procedural propriety of the filings. See Bankruptcy Rule 12-8. In addition, it is clear that defendant Frank is again attempting to file petitions on behalf of partnerships whose assets are not in the possession of this Court's receiver, see the February 4, 1977 order of this Court, and yet again claiming that the assets of the petitioning partnerships are in fact the assets in the possession of this Court's receiver.
Since September 8, 1976, defendants herein have been enjoined "from interfering in any way with said mortgaged properties or the receiver in his possession, control and management of said properties during the pendency of this action". Moreover, defendants were instructed that the filing of petitions pursuant to Chapter XII of the Bankruptcy Act constituted interference within the meaning of the September 8, 1976 order of this Court. See March 10, 1977 order. Nevertheless, these defendants acted in clear disregard of these orders.
*436 Defendants argue that the automatic stay provisions of Chapter XII of the Bankruptcy Act prevent this Court from proceeding. See Bankruptcy Rule 12-43(a). Defendants ignore, however, the effect of the September 8, 1976 order of this Court. These defendants had been prohibited by this Court from taking the action contested herein. While the filing of bankruptcy may be a constitutional right, see In re Mt. Forest Fur Farms of America, 103 F.2d 69 (6th Cir. 1939), cert. denied, 308 U.S. 583, 60 S.Ct. 105, 84 L.Ed. 488 (1939), the exercise of constitutional rights may permissibly be enjoined if circumstances so warrant. Cf., Ex parte Melvin Leroy Tyler, No. 75-970 C (3) (E.D.Mo. December 5, 1975).
The filing of these petitioners has threatened this Court's ability to proceed herein. It has violated orders of this Court and has undermined the very reason for those orders, the protection of the interests of the parties involved in this litigation. Accordingly, the receiver's motion for a temporary injunction will be granted.