UNITED STATES of America, Plaintiff,

v.

MANSION HOUSE CENTER, etc., et al., Defendants.

No. 76–20C(3).

United States District Court, E. D. Missouri, E. D.

Dec. 22, 1978.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon plaintiff's motion for summary judgment against defendants Willowbrook Realty, Inc. and Remsco Management, Inc. The instant motion arises out of plaintiff's suit seeking to protect its interest as mortgagee in an apartment and motor hotel complex.

On May 29, 1974, defendant Remsco Management, Inc., which was wholly-owned and controlled by defendant Maurice B. Frank, signed, with others, certain management agreements which contained the following provisions:

It is expressly understood and agreed by and between the parties hereto that the Secretary [of Housing and Urban Development] shall have the right to terminate the Agreement at the end of any calendar month, with or without cause, on thirty (30) days advance written notice to each of the parties, except that in the event of a default by the owner under the obligation of the project mortgage and Regulatory Agreement, the Secretary may terminate this Agreement immediately upon the issuance of a notice of cancellation to each of the parties.

On July 1, 1975, the Department of Housing and Urban Development exercised its termination rights, notifying Remsco and each of the mortgagors that, effective July 31, 1975, all management agreements were terminated. Nevertheless, from July 31, 1975 to July 30, 1976, project funds in the amount of $151,268.53 were paid to defendant Remsco for management fees.

On February 25, 1975, the mortgagor-partnerships paid the sum of $99,563.62 from project funds to defendant Willowbrook Realty, Inc. which was also wholly-owned and controlled by defendant Frank. The payment was a purported commission

for the procurement of a lease of commercial space. At the time, Willowbrook was not licensed by the Missouri Real Estate Commission and had no offices in St. Louis. Moreover, at the time that the lease was entered into, Willowbrook had not yet come into existence. This Court has already found that "the alleged services rendered by Willowbrook were, in fact, never performed by Willowbrook". *United States v. Mansion House Center, etc.,* 447 F.Supp. 951 (E.D.Mo.1978), *aff'd,* No. 78–1278 (8th Cir. 1978).

Only defendant Remsco has responded herein. The argument tendered in opposition to the instant motion for summary judgment has been made previously and has been rejected by the Court. See *United States v. Mansion House Center, etc., supra* at 958.

The Regulatory Agreements involved herein provide that funds were to be expended by the mortgagors only in accordance with the Regulatory Agreements; unauthorized expenditures constitute a breach of the trust agreement. See also 12 U.S.C. § 1715z–4(a). There can be no doubt but that defendant Frank was well aware of these provisions. Nevertheless, payments were made to corporations which were wholly-owned and controlled by Frank for services never rendered, or in direct conflict with the mandate of the Department of Housing and Urban Development. Under such circumstances, the Court concludes that defendants Remsco and Willowbrook are liable to plaintiff for the sums received. Bogert, Trusts & Trustees § 901 at p. 208 (2d ed. 1962).

Judgment will be entered in plaintiff's favor.