463 F.Supp. 591 (1978)
UNITED STATES of America, Plaintiff,
v.
MANSION HOUSE CENTER, etc., et al., Defendants.
No. 76-20C(3).
United States District Court, E. D. Missouri.
December 22, 1978.
*592 J. Christopher Kohn, Atty., Civil Division, U. S. Dept. of Justice, Washington, D. C., Joseph B. Moore, Asst. U. S. Atty., U. S. Dept. of Justice, Donald Flint, Area Counsel, Dept. of Housing & Urban Development, St. Louis, Mo., for plaintiff.
Gerald A. Rimmel, Gene M. Zafft and Merle Silverstein, Rosenblum, Goldenhersh, Silverstein & Zafft, St. Louis, Mo., A. Bruce Schimberg, Sidley & Austin, Chicago, Ill., for Receiver Rimmel.
Frank A. Bussmann, St. Louis, Mo., Robert B. Chatz, Arvey, Hodes, Costello & Burman, Chicago, Ill., for Maurice B. Frank; MH Center N. Redevelop. Corp.; MH Center N. Redevelop. Co.; MH Center Redevelopment Corp.; MH Center Redevelop.; MH Center S. Redevelop. Corp.; MH Center S. Redevelopment Co.
Lawrence Sanders, Earth City, Mo., Trustee in Bankruptcy, Mansion House Motor Hotel Co.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon the motion of various defendants seeking a declaration as to the proper constituents of the various limited partnerships involved in this suit. This suit was brought by the United States of America seeking a variety of relief in connection with its interests as mortgagee of an apartment and motor hotel complex. On September 8, 1976, this Court appointed a receiver pendente lite to take possession of all properties described in the complaint and all improvements thereon. United States v. Mansion House Center, etc., 419 F.Supp. 85 (E.D.Mo.1976). This included properties owned by defendants *593 Mansion House Center Redevelopment Company, Mansion House Center North Redevelopment Company and Mansion House Center South Redevelopment Company. Movants herein are defendants Pierre V. Heftler, E. J. Ehrlich, Hart Perry, Norman S. Altman, MH Center North Tower Redevelopment Corporation, MH Center Tower Redevelopment Corporation and MH Center South Tower Redevelopment Corporation, who assert themselves to be the general partners of successor limited partnerships of the above-named Redevelopment Companies.
On January 14, 19, and 28, 1977, this Court held hearings upon its receiver's request for instructions, and plaintiff's motion for sanctions. The evidence adduced therein, along with documents on file in this cause, establish the following facts which are not disputed by defendant Maurice B. Frank, and the Redevelopment Companies which he asserts retain interest herein:
Each of the original Redevelopment Companies was a limited partnership with defendant Maurice B. Frank, and a corresponding Redevelopment Corporation, as general partners. The corporate charters of defendants Mansion House Center North Redevelopment Corporation and Mansion House Center South Redevelopment Corporation were forfeited by the state of Missouri, such forfeitures remaining in effect throughout the calendar year of 1976.
On June 28, 1976, defendant Frank gave notice of his intention to resign as general partner of each of the three Redevelopment Companies, effective July 31, 1976. Section 6.2 of the Limited Partnership Agreement provides:
Any individual General Partner shall have the right to retire from the Partnership at the end of any year, upon at least 60 day's written notice to the other General Partners and payment in cash of his indebtedness to the Partnership . . . If, after such retirement, there would not be any individual General Partner, the corporate General Partner shall use its best efforts to arrange for a new General Partner to acquire the interest of the retiring individual General Partner pursuant to Section 6.4. If unsuccessful the corporate General Partners shall first cause the Partnership to liquidate the interest of the retiring partner ... and thereafter follow the procedure prescribed in Section 6.1(b), and thus terminate the Partnership.
Section 6.1(b) provides in part that if, upon dissolution,
... two or more General or Limited Partners who, immediately prior to dissolution, are entitled under Section 5.2 and 5.3 hereof to more than 50% of the profits of the Partnership, signify in writing their desire to continue in a successor partnership, then the assets of the Partnership, subject to its liabilities and to the liability to the retiring partners provided for herein, shall be distributed in kind to the successor partnership thus formed and the successor partnership shall assume such liabilities and shall hold the Partnership and its partners harmless therefrom.
Section 6.4 of the Agreement provides:
At any time, the General Partners by unanimous consent may propose that an individual become a new General Partner, either by acquiring all or a portion of the interest in the partnership of either of the individual General Partners or the corporate General Partner. Any new General Partner acquiring all the interest of an individual General Partner must be accepted in writing by Limited Partners holding at least 80% of the aggregate percentage of interest held by the Limited Partners pursuant to Section 5.2. No consent of the Limited Partners is required upon acquisition of less than 50% of an individual General Partner's interest of the corporate General Partners.
Defendant Frank was both individual general partner of the various companies and also involved in each of the Corporations. He attempted to designate a replacement individual General Partner. This Court has previously found, however, that this attempted appointment was ineffectual. United States v. Mansion House Center *594 North Redevelopment Company, 426 F.Supp. 479 (E.D.Mo.1977). Moreover, those defendants opposing the instant motion for summary judgment do not contest that neither defendant Frank nor the corporate general partners arranged for a new individual General Partner to acquire the interests of defendant Frank.
Accordingly, twenty of the remaining Limited Partners of each of the three Limited Partnerships exercised their rights under the Limited Partnership Agreements, and signified their desire to continue in a successor partnership. Successor limited partnerships were formed in accordance with the laws of the state of Missouri. The limited partners of each of the successor limited partnerships are: Henry E. Bowes, Raymond L. Brittenham, John Brown Cook, James H. Douglas, Jr., F. J. Dunleavy, Harold S. Geneen, Edward J. Gerrity, Pierre V. Heftler, Paul W. Lashly, John C. Lobb, C. S. Harding Mott, William H. Paddison, Hart Perry, Newton S. Peters, Gifford K. Simonds, Jr., Ellery W. Stone, Martin Trepel, Morrison Waud, Anne Byron Waud and T. B. Westfall. The general partners of the successor limited partnerships are: Pierre V. Heftler, E. J. Ehrlich, Hart Perry, Norman S. Altman, and MH Center Tower Redevelopment Corporation with reference to the Mansion House Center Redevelopment Company, MH Center North Tower Redevelopment Corporation with reference to the Mansion House Center North Redevelopment Company, and MH Center South Tower Redevelopment Corporation with reference to the Mansion House Center South Redevelopment Company.
In opposition to this motion, defendants Frank, and the various Mansion House Redevelopment Companies in which defendant Frank asserts an interest, and the Mansion House Redevelopment Corporations in which he asserts an interest, argue that the limited partners did not have the power to form a successor partnership under the circumstances herein. The argument is totally without support in view of the plain language of the Agreements herein.
Said defendants also assert that Section 6.3 of the Agreements provides that the corporate general partner is to have sixty days after the incapacity of an individual general partner in which to arrange for a new general partner. The amendment of the partnerships herein was filed on September 29, 1976, the sixtieth day. Thus, defendants argue that the limited partners had no power to act. The Court views this argument to be without merit. Although said provision does allow the corporate general partner sixty days in which to find a new general partner, the section is silent on the ability of the limited partners to form a new limited partnership in the event that the sixty days will expire without any success on the part of the corporate general partner. The Court notes that the corporate general partners herein do not assert that they in fact did find a new general partner within that time period. The only evidence on this issue was that defendant Frank attempted to appoint a new general partner but that such appointment was improper and of no force and effect. Accordingly, the Court concludes that the filing of the new limited partnership agreements on the sixtieth day was proper.
Lastly, those defendants opposing the motion for summary judgment argue that Section 7.4 of the Limited Partnership Agreements required the consent of all partners in order to amend the same. Frank argues that the successor partnerships could not be formed because defendant Frank did not consent. In view of Section 6.1 of the Agreements, defendant Frank's argument is without merit.
Accordingly, the instant motion for summary judgment will be granted.