594 F.2d 653
 5 Bankr.Ct.Dec. 195, Bankr. L. Rep. P 67,086
 UNITED STATES of America, Gerald A. Rimmel, Receiver, Appellee,
v.
MANSION HOUSE CENTER NORTH REDEVELOPMENT COMPANY, a Limited
Partnership, Mansion House Center Redevelopment Company, a
Limited Partnership, Mansion House Center South
Redevelopment Company, a Limited Partnership, Mansion House
Center North Redevelopment Corporation, a corporation, and
Maurice B. Frank, General Partners of Mansion House Center
North Redevelopment Company, a Limited Partnership, Mansion
House Center Redevelopment Corporation, a corporation, and
Maurice B. Frank, General Partners of Mansion House Center
Redevelopment Company, a Limited Partnership, Mansion House
Center South Redevelopment Corporation, a corporation, and
Maurice B. Frank, General Partners of Mansion House Center
South Redevelopment Company, a Limited Partnership,
Defendants-Appellants,
REMSCO Management, Inc., a corporation, Mansion House Motor
Hotel Company, a Limited Partnership, Ocean Sea Breeze,
Inc., a corporation, and Maurice B. Frank, General Partners
of Mansion House Motor Hotel Company, a Limited Partnership,
Mansion House Motor Hotel Corporation, a corporation,
Willowbrook Realty, Inc., a corporation, Pierre v. Heftler,
E. J. Ehrlich, Hart Perry, Norman S. Altman, Mansion House
Center North Tower Redevelopment Corporation, Mansion House
Center Tower Redevelopment Corporation, Mansion House Center
South Tower Redevelopment Corporation.
 No. 78-1679.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 12, 1979.
Decided Feb. 28, 1979.
 
 Frank A. Bussmann, Clayton, Mo., for appellants.
 J. Christopher, Kohn, Civil Division, U. S. Dept. of Justice, Washington, D. C., argued, Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Robert D. Kingsland, U. S. Atty., Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., and Leonard Schaitman, Washington, D. C., on brief, for appellee, United States.
 Gerald A. Rimmel, Merle Silverstein of Rosenblum, Goldenhersh, Silverstein & Zafft, St. Louis, Mo., argued, Gene M. Zafft, St. Louis, Mo., on brief, for appellee.
 Before LAY, BRIGHT and STEPHENSON, Circuit Judges.
 STEPHENSON, Circuit Judge.
 
 
 1
 This is an appeal[1] from an order of the district court[2] enjoining appellants Mansion House Center North Redevelopment Company, Mansion House Center Redevelopment Company, Mansion House Center South Redevelopment Company, all limited partnerships, Maurice B. Frank, former general partner of the companies, and others (hereafter, all parties are referred to as the Frank Group), from asserting any ownership interests in the Mansion House Tower complex in St. Louis, Missouri, in any future or pending Chapter XII[3] bankruptcy proceedings and from interfering with the possession or control of the court-appointed receiver of these properties. We affirm.
 
 
 2
 This order arises from a suit filed in the Eastern District of Missouri on January 12, 1976, by the United States as mortgagee of the Mansion House towers, to protect its interests in this complex, which had been constructed with the proceeds of loans insured by the Department of Housing and Urban Development. On September 8, 1976, the court appointed a receiver and enjoined the Frank Group from interfering with the Mansion House properties or the receiver's management and control of them during the pendency of the action. See United States v. Mansion House Center N. Redev. Co., 419 F.Supp. 85 (E.D.Mo.1976). On December 30, Maurice Frank who had resigned as general partner of the companies, filed a petition in bankruptcy in Orlando, Florida, for the South Redevelopment Company, as president of the Mansion House Center South Redevelopment Corporation. Shortly thereafter, his attorney demanded of the receiver that he turn over immediate possession of the assets of the South Company.
 
 
 3
 Pursuant to this demand, the receiver requested instructions from the United States District Court in Missouri. On February 4, 1977, that court found the partnership on whose behalf Frank filed the Chapter XII petition was not the partnership whose assets the receiver held, and that therefore the receiver would not be required to surrender the assets of the South Company. United States v. Mansion House Center N. Redev. Co., 426 F.Supp. 479, 483 (E.D.Mo.1977).
 
 
 4
 Thereupon, Frank sought a writ of mandamus to compel the district court to withdraw its February 4 order; the writ was refused by this court. Frank v. Nangle, No. 77-1165 (8th Cir. Mar. 2, 1977). The government then moved to hold Frank in contempt for violating the non-interference provisions of the order appointing the receiver, and though the district court denied the motion as moot, it warned Frank of the serious possible consequences of his actions. United States v. Mansion House Center N. Redev. Co., 455 F.Supp. 434 (E.D.Mo.1977).[4]
 
 
 5
 On September 1, 1977, the United States amended its original complaint to seek a declaration of identity of the owner-mortgagor. Both the Frank Group and a group purporting to have succeeded to ownership of the properties filed motions for summary judgment. Frank's motion was denied. United States v. Mansion House Center N. Redev. Co., 463 F.Supp. 591 (E.D.Mo.1977). Recently, the motion of the purported successor group was granted, entitling it to possession of the assets of the partnerships. United States v. Mansion House Center N. Redev. Co., 463 F.Supp. 595 (E.D.Mo.1978).
 
 
 6
 Once again, on July 11, 1978, the Frank Group filed Chapter XII bankruptcy petitions in which it claimed an interest in the Mansion House properties. This time it filed in Chicago, Illinois. The petitions were filed for all three partnerships by Maurice B. Frank, as president of the Mansion House Center, North and South Redevelopment Corporations, general partners of the companies. As before, the court-appointed receiver applied for instructions that he was not bound by the Illinois bankruptcy proceedings. In addition, the receiver requested a show cause order for a temporary injunction against the Frank Group enjoining it from proceeding further with the bankruptcy petitions filed in Illinois.
 
 
 7
 On August 17, 1978, the district court filed a memorandum granting the receiver's request for relief. United States v. Mansion House Center, 455 F.Supp. 434 (E.D.Mo.1978). The accompanying order enjoins the Frank Group from doing any of the following acts:
 
 
 8
 (1) Filing or causing to be filed any bankruptcy or reorganization proceeding in any state or federal court which claims or asserts any ownership or other interest in any of the Mansion House properties * * *.
 
 
 9
 (2) Asserting or claiming in the pending Chapter XII proceedings in the Northern District of Illinois * * * that the entities who are petitioning debtors in said cases have any ownership or other interest in the Mansion House properties * * *.
 
 
 10
 (3) Attempting by any other means, in addition to those listed above, to cause the Receiver in this action to surrender possession, control and administration of the aforesaid Mansion House properties to any bankruptcy or reorganization trustee, debtor in possession, assignee, or any other person or official unless same is specifically authorized by this Court.
 
 
 11
 In this appeal the Frank Group asserts that the district court erred in enjoining the Group from proceeding with the bankruptcy action in Chicago. It reaches this conclusion by two routes. First, it argues that the non-interference provision of the district court's order appointing the receiver is the basis for the present injunction. This established, the Frank Group contends that the non-interference provision is too vague to have given the Group notice that it was restrained from filing under the bankruptcy laws. In addition, the Frank Group attempts to link the non-interference provision with the government's prayer for relief in its original complaint, arguing that because the government did not include a specific demand to enjoin the filing of bankruptcy petitions, the district court could not in turn enter an order beyond the scope of the relief requested.
 
 
 12
 Whatever the origin of the non-interference provision or however it may be interpreted, the injunction now being appealed is sufficiently clear to alert the Group to its duty. We also note that the injunction does not bar the Group from proceeding with any or all bankruptcy actions it files; it merely prevents it from asserting any ownership interests in the Mansion House complex in any bankruptcy proceeding.
 
 
 13
 The Group also argues that the district court was without power or jurisdiction to enter its injunction. It urges that this result follows from an automatic ouster of jurisdiction accomplished by its filing of bankruptcy petitions in Chicago. Bankruptcy Rule 12-43 does provide that filing of a Chapter XII petition will stay certain court proceedings.
 
 
 14
 Initially, we note that the district court had jurisdiction to determine who had possession of the Mansion House properties, in order to ascertain if it had jurisdiction of the case. See Amoco Pipeline Co. v. Admiral Crude Oil Corp., 490 F.2d 114, 116 (10th Cir. 1974).
 
 
 15
 Having decided that the Frank Group had no proprietary interests in the South partnership, United States v. Mansion House Center N. Redev. Co., supra, 426 F.Supp. at 483, it was proper for the court to proceed and enter such orders as to the Mansion House Center South Company as it deemed necessary, to bar interference with its receiver. See SEC v. United Fin. Group, Inc., 576 F.2d 217, 220 (9th Cir. 1978). By logical extension, this determination by the district court would reach the North and Center partnerships because of the identity of ownership of each entity. In fact, that is the effect of the district court's holding of December 22, 1978, which entitles the successor partnerships to possession of the Mansion House properties.
 
 
 16
 In view of these holdings it is difficult to escape the conclusion that the district court was not bound by the stay provisions of the Bankruptcy Act, as the court holds no property belonging to the Frank Group and which was, or could be, subject to the jurisdiction of the bankruptcy court in Chicago.[5] See Mid-Jersey Nat'l Bank v. Fidelity-Mortgage Investors, 518 F.2d 640, 643 (3d Cir. 1975). Comparison with cases concerning the conjunction of the Bankruptcy Act and the federal interpleader provisions reinforce this conclusion. For example, in Dakota Livestock Co. v. Keim, 552 F.2d 1302 (8th Cir. 1977), we said that a party with actual possession of property may interplead as to funds whose ownership is disputed, even where one claimant is a trustee in bankruptcy. Id. at 1305; See In re Stanndco Devel., Inc., 534 F.2d 1050, 1053 (2d Cir. 1976); Bradley v. St. Louis Terminal Warehouse Co., 189 F.2d 818 (8th Cir. 1951); NYTCO Services, Inc. v. Hurley's Grain Elevator Co., 422 F.Supp. 114, 116 (W.D.Tenn.1976).
 
 
 17
 Moreover, in light of the warning the Frank Group received from the district court when it denied the government's motion to hold the Frank Group in contempt and in view of the almost contumacious conduct of the Group in then filing another Chapter XII bankruptcy proceeding in Chicago, we believe that the injunction of the district court was required to vindicate its authority. Cf. Ruderer v. United States, 462 F.2d 897, 899 (8th Cir.), Appeal dismissed, 409 U.S. 1301, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972) (plaintiff-appellant, upon filing of 22nd complaint in same matter, properly enjoined by district court from filing like action because of bad faith motivation).
 
 
 18
 We have considered appellants' other arguments and find them to be without merit.
 
 
 19
 Affirmed.
 
 
 
 [1]
 Jurisdiction in this court is based on 28 U.S.C. § 1292(a)(1)
 
 
 [2]
 The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri
 
 
 [3]
 11 U.S.C. §§ 801 et seq
 
 
 [4]
 The Florida proceedings were transferred by the Florida bankruptcy court to the St. Louis bankruptcy court and later dismissed by the Frank Group on May 11, 1977
 
 
 [5]
 The government contends that section 517 of the Chandler Act, 11 U.S.C. § 917, is an alternative basis upon which we may affirm the district court. The text of that section reads thus:
 Nothing contained in this chapter shall be deemed to affect or apply to the creditors of any debtor under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereof and supplementary thereto; nor shall its provisions be deemed to allow extension or impairment of any secured obligation held by Home Owners' Loan Corporation or by any Federal Home Loan Bank or member thereof.
 We find few cases using or interpreting this section of the Bankruptcy Act. See Homeowners Loan Corp. v. Creed, 108 F.2d 153 (5th Cir. 1939) (section 517 applies only to Chapter XII of the Act). Two recent cases, United States v. Bristol Hills Apartments, No. 8-71118 (E.D.Mich. Dec. 14, 1978), and In re 83rd Realty Co., No. 76 B 1922 (S.D.N.Y. April 14, 1978), rely exclusively on section 517. In both cases, the district court held that section 517 clearly permitted the bankruptcy court to dismiss a Chapter XII petition on motion of the holder of a mortgage insured pursuant to the National Housing Act.
 We find this argument persuasive, but we do not base our decision on section 517, since in this case, other grounds are sufficient. Additionally, the district court in this case did not rely on section 517.