UNITED STATES of America, Appellee,

v.

MANSION HOUSE CENTER NORTH REDEVELOPMENT COMPANY, etc., et al., Appellants,

v.

Pierre V. HEFTLER et al., Appellees.

No. 79–1169.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1979.

Decided Oct. 2, 1979.

Frank A. Bussmann, Clayton, Mo., on briefs for appellants.

James F. Gunn, Gunn & Gunn, St. Louis Mo., on brief for appellee.

Before HEANEY and ROSS, Circuit Judges, and LARSON, District Judge.*

PER CURIAM.

Maurice B. Frank and the various Mansion House redevelopment companies and corporations in which Frank asserts an interest, appeal from a decision of the district court granting a motion for summary judgment in favor of the general partners of the successor Mansion House limited partnerships.

This suit was originally filed by the United States on January 12, 1976, to protect its interest as mortgagee of the Mansion House Complex which was constructed with proceeds of loans insured by HUD. On September 8, 1976, the district court appointed a receiver *pendente lite* to take possession of all properties described in the complaint and all improvements thereon. *United States v. Mansion House Center North Redevelopment Co.*, 419 F.Supp. 85 (E.D.Mo.1976). This included properties owned by appellants Mansion House Center Redevelopment Company, Mansion House Center North Redevelopment Company, and Mansion House Center South Redevelopment Company, each of which was a limited partnership with Frank and a corresponding redevelopment corporation serving as general partners. The United States subsequently amended its original complaint to obtain specific judicial identification of the owner-mortgagor to whom the receiver would return possession of the assets of Mansion House upon termination of the receivership. Appellees, the general partners of the successor limited partnerships, moved for summary judgment seeking a declaration that the various successor limited partnerships were properly formed and were the legal successors in interest to the original limited partnerships.

The primary issue on appeal is whether the district court correctly held that the dissolution of the three limited partnerships and the formation of the successor partnerships was valid.

We have carefully considered the briefs and the record, and we affirm on the basis of the district court's opinion. *United States v. Mansion House Center*, 463 F.Supp. 591 (1978). The plain language of the limited partnership agreements permitted the dissolution of the three limited partnerships and authorized the formation of the successor partnerships. The district court correctly found that those partnerships were formed in accordance with the laws of the State of Missouri.

---

* The Honorable EARL R. LARSON, Senior United States District Judge for the United States District Court for the District of Minnesota.