**ST. LOUIS COUNTY, Missouri, et al., Plaintiffs-Appellants,**

v.

**ST. LOUIS COUNTY POLICE OFFICERS ASSOCIATION, LOCAL 844, et al., Defendants-Respondents.**

No. 45295.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 29, 1983.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
May 13, 1983.

Irene J. Smith, Asst. Co. Counselor, Clayton, for plaintiffs-appellants.

John H. Goffstein, Clayton, for defendants-respondents.

DOWD, Judge.

Plaintiffs St. Louis County and the Superintendent of Police of the St. Louis County Police Department appeal the denial of their request for a permanent injunction restraining certain conduct of defendants St. Louis County Police Officers Association Local 844, its named officers, and unnamed members, representatives, or employees.

St. Louis County Police Department (hereinafter the Department) has been the law enforcement agency for the governmental unit of St. Louis County since 1955. It is one of many police departments located within the territorial bounds of St. Louis County. It patrols the county's unincorporated areas and has county-wide jurisdiction to enforce the law. St. Louis County Police Officers Association Local 844 (hereinafter Local 844) is a labor organization for employees of police departments in St. Louis County. It has existed for more than ten years and is not an affiliate or auxiliary of St. Louis County Police Department.

In past years defendants have conducted solicitation campaigns to support Local 844 and benefit its members. One such campaign occurred prior to a fundraising concert scheduled for May 23, 1981. Local 844 hired a professional soliciting organization to contact persons and businesses in the St. Louis area to request that they purchase advertising space in the concert program book, purchase tickets, or donate money. Plaintiffs alleged that during this campaign, defendants' solicitors on numerous occasions answered Local 844's office telephones with the greeting "St. Louis County Police" and misrepresented that St. Louis County Police Department was conducting and endorsing the campaign, that money received would benefit the Department and be administered by it, and that every member of the Department was a member of Local 844. Plaintiffs also alleged that defendants' solicitors asked contributors to

make checks payable to "St. Louis County Police."

Plaintiffs filed a petition in the circuit court on February 3, 1981, seeking to enjoin defendants from: representing themselves as the St. Louis County Police; soliciting funds by suggesting the solicitation is approved by the Department; suggesting that the Department administers, or benefits from, solicited funds; and asking that checks be made payable to "St. Louis County Police." Plaintiffs contended that such conduct deceives or misleads those solicited and causes harm to the Department's good name and reputation. The court issued a preliminary injunction prohibiting those activities.

On June 22, 1981, plaintiffs amended their petition by adding a second count seeking to enjoin defendants from using "St. Louis County Police," "St. Louis County Police Officers," or any similar term in conjunction with the name "Local 844" or its activities. Plaintiffs contended that such use would continue to create confusion and mislead and deceive the public as to any relationship or connection between Local 844 and the Department. In December 1981, the court dissolved the preliminary injunction and denied plaintiffs permanent injunctive relief.

■ Plaintiffs claim four points of error in the circuit court's failure to grant a permanent injunction. This court must sustain the circuit court's decree unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In considering the evidence, we must give due regard to the circuit court's opportunity to judge the credibility of witnesses, Rule 73.01(c)(2), and we must consider any fact issue upon which no specific finding has been made as having been determined in accordance with the result reached, Rule 73.01(a)(2). *Smitty's Super Markets, Inc. v. Retail Store Employees Local 322*, 637 S.W.2d 148, 155 (Mo.App. 1982).

The circuit court ruled that it is not appropriate for plaintiffs to claim "exclusive property interest" in the words "St. Louis County Police" because they are descriptive of geographical location and occupation, and because Local 844 is not in competition with the Department. Plaintiffs contend the court thereby erred in that they have acquired exclusive appropriation of the words under the doctrine of secondary meaning, and their use by defendants misleads and confuses the public and is enjoinable even though the parties are not in competition.

■ Words of a descriptive nature, which are generally incapable of exclusive appropriation, may be protected against simulation when they have acquired a secondary meaning *differing* from their primary descriptive meaning. *Shrout v. Tines*, 260 S.W.2d 782, 788 (Mo.App.1953). The combination of the descriptive words "Police" and "St. Louis County" signifies in its primary sense the law enforcement agency of that governmental unit. The circuit court apparently perceived no evidence of a secondary meaning for "St. Louis County Police" that differs from its primary meaning. Furthermore, a limited number of words are available to Local 844 to differentiate the source of its membership—the police departments in St. Louis County—from those of other police unions. The additional descriptive terms of its name, "Officers Association, Local 844," distinguish defendants' organization from the St. Louis County Police Department.

■ Plaintiffs cite *Missouri Federation of the Blind v. National Federation of the Blind of Missouri, Inc.*, 505 S.W.2d 1, 5 (Mo.App.1973) for the propositions that a not-for-profit association, like a business corporation, is entitled to adopt a name and have the benefits of its good reputation, and that another organization can be enjoined from using the same or another name so similar as to be misleading. That case goes on to state that, although the basis for liability is unfair competition (through deception and confusion of the public), an injunction may issue even if the

parties are not engaged in competitive activities. *Id.* The facts of *Missouri Federation* show, however, that the parties were indeed competing in the sense that both were seeking contributions for their services from the same pool of the public. Similarly, *Missouri Federation*'s authorities for these propositions present factual situations in which each of the parties was seeking something from the public—whether membership, contributions, or patronage—upon which it depended for its existence. These "unfair competition" principles could apply to defendant Local 844, dependent as it is upon membership and contributions, but they do not fit the relationship between Local 844 and the Department. In addition, "whether the use of a similar name constitutes unfair competition is a determination of fact from the particular circumstances." *Missouri Federation,* 505 S.W.2d at 6. The trier of fact did not find that Local 844's name is so similar to the Department's name as to be misleading or deceptive. We agree with that conclusion. We find no error in the circuit court's ruling that plaintiffs cannot claim exclusive appropriation of the name St. Louis County Police and that Local 844 is not in competition with the Department.

■ Plaintiffs contend in their second point that the court erred in denying a permanent injunction on Count II of the petition because defendants failed to answer that count, thus admitting the averments contained therein. The record does not show, however, that plaintiffs objected to defendants' failure to file an answer before proceeding on the merits. Although the filing of an answer is mandatory, the opposing party waives the requirement unless it requests enforcement by timely and proper action. *Cooper v. Anschutz Uranium Corp.,* 625 S.W.2d 165, 171 (Mo.App. 1981). Point denied.

Plaintiffs next contend the court erred in ruling that defendants' use of "St. Louis County Police" as part of the union's name and in conjunction with its activities is constitutionally protected speech. Plaintiffs correctly assert that "the exercise of constitutional rights may permissibly be enjoined if circumstances so warrant." *United States v. Mansion House Center,* 455 F.Supp. 434, 436 (E.D.Mo.1978), *aff'd,* 594 F.2d 653 (8th Cir.), *cert. denied,* 444 U.S. 835 (1979). We need not decide whether defendants' use constitutes protected speech, however, because refusal of an injunction in the instant case is justifiable on other than constitutional grounds. This point is also denied.

Plaintiffs' final point is that the court erred in concluding that the conduct sought to be enjoined was isolated, attributable to unauthorized acts of paid telephone solicitors, and unlikely to recur. The court found that the conduct complained of took place prior to the hearing on the preliminary injunction and in connection with the solicitation campaign for an event in May 1981. The court further found that no solicitations occurred after that date and no conduct complained of reoccurred. The court received evidence that defendants seek to prevent any future reoccurrences of such conduct. The court also concluded that plaintiffs had not shown there was a probability of reoccurrence or an immediate need for an injunction. As stated earlier, we give due regard to the circuit court's opportunity to judge the credibility of witnesses. Rule 73.01(c)(2).

■ Injunctive relief must be based upon a real apprehension that future acts "are not only threatened but will in all probability be committed. Unless it can be shown that reasonable grounds exist for apprehending that absent the injunction the actions will be done, the injunction will be denied." *Hudson v. School District of Kansas City,* 578 S.W.2d 301, 312 (Mo.App.1979).

We cannot say the court erred in denying plaintiffs the permanent injunctive relief they sought. This does not mean, however, that plaintiffs would be without remedy in the face of future misrepresentations or other misconduct by defendants.

The judgment is affirmed.

SNYDER, P.J., and GAERTNER, J., concur.