**Terry Lee GILLIS, Appellant,**

v.

**Robert PAGANO, Respondent.**

No. 47206.

Missouri Court of Appeals, Eastern District, Division Two.

June 12, 1984.

John J. Allan, St. Louis, for appellant.

David C. Godfrey, Clayton, for respondent.

CRIST, Presiding Judge.

Appeal from an order dismissing a petition in equity, filed by appellant Terry Lee Gillis, to enjoin the enforcement of a circuit court judgment. We affirm.

In November, 1982, respondent (plaintiff) filed suit in the circuit court against appellant Terry Lee Gillis and his brother Greg Gillis, d/b/a Gillis Auto Sales (cause number 36CR82–1542). On November 26, 1982, the Sheriff personally served Greg at the business address of Gillis Auto Sales. He served Terry by delivering a copy of the papers to "Greg, brother" at the same business address.

On December 8, 1982, judgment by default was rendered in favor of plaintiff, against both Terry and Greg. Thereafter Terry filed a special entry of appearance and motion to dismiss, claiming service of process was improper. Notice was given to hear this motion on January 12, 1983. No disposition of this motion appears in the legal file, but the transcript reveals it was argued and denied. Apparently, no appeal was taken from this order. In May, 1983, Terry filed a Petition for Review, under Rule 74.12, to set aside the December 8, 1982 judgment. No disposition of this petition appears in the legal file.

On February 18, 1983, Terry filed a separate petition in equity against plaintiff and two sheriffs seeking to enjoin execution, garnishment, or levy to satisfy the December 8, 1982 judgment in Cause Number 36CR82–1542, and requesting that said judgment be set aside, claiming service of process was improper. This action in equity (Cause Number 486058) was dismissed on plaintiff's motion. Terry appeals the dismissal.

There was nothing to enjoin when Terry filed his petition for injunction. No attempt to collect upon, enforce or execute the judgment had been made. There was only a possible threat, and not a probability, of future action. There was no error in denying the injunction. *St. Louis County v. Police Officers Ass'n*, 652 S.W.2d 142, 145 (Mo.App.1983).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.